LOUISE M. KIBBE, a widow, *Plaintiff in Error*. vs. CITY OF MIAMI, a municipal corporation, *Defendant in Error*.
138 So. 371.
Division B.
Opinion filed December 7, 1931.

*Gordon R. Broome* and *Shipp, Evans & Kline*, of Miami, for Plaintiff in Error;

*J. W. Watson, Jr.*, and *Mitchell D. Price, Zaring, Youmans & Florence*, of Miami, for Defendant in Error.

PER CURIAM.—Plaintiff, Louise M. Kibbe, brought an an action against the City of Miami for damages occasioned her on December 27, 1926, by a defect in a sidewalk of the City.

To the declaration in the case the defendant filed several pleas, among which was a plea denying that the plaintiff

through her attorney, had in writing informed the defendant of her injuries and her claim for damages within the time and in the manner prescribed by law pursuant to Section 93° of the charter of the City of Miami, Chapter 10847, Acts of 1925. The charter provision referred to requires an injured person, within sixty days of the date of receiving injuries, to give notice of his claim to the City Attorney of the City of Miami with specifications as to the time and place of the infliction of the injuries.

It was proven at the trial that Mrs. Kibbe, the plaintiff employed Mr. Dan Chappell, an attorney, to present her claim to the City after she was injured, and that Mr. Chappell consulted with the City Attorney, J. W. Watson, Jr., a few days after Mrs. Kibbe's injuries and that Mr. Watson stated that because he was quite busy that he wished Mr. Chappell to take up the matter of the claim with the City Manager.

So it was that at the direction of the City Attorney Chappell did take up the matter with the City Manager, and on January 7, 1927, filed Mrs. Kibbe's claim in accordance therewith, and among other things, expressed his readiness to go into the matter with the City Manager, or the City Attorney, or the City Commissioners. The claim as presented by Mr. Chappell was in writing and its receipt was acknowledged by the Assistant City Manager, who sent a copy thereof to J. W. Watson, Jr., the City Attorney, and the documents evidencing these facts were produced in Court by the City Attorney under notice. It thus appears, without question, that the written notice which the charter requires to be served upon the City Attorney was served on the City Manager at the express direction of the City Attorney, and that although not served on the City Attorney, that the City Attorney had writen notice of the claim, because the receipt of the claim which had been filed with the City Manager was acknowledged to the attorney who filed it and a copy of

the acknowledgment sent by the City Manager to the City Attorney.

A majority of the Court are of the opinion that this brings the case within the ruling heretofore made by this Court in Crumbley v. City of Jacksonville, 102 Fla. 408, 135 Sou. Rep. 885, where the Court held that municipal authorities may waive mere defects in form of notice of claims against the city for injuries resulting proximately from the city's negligence and that while municipal authorities may not have the legal right to waive *entirely* the giving of *any* notice as required by the charter, that they nevertheless have the right to waive a mere defect in the manner of form in which the notice is given.

It appears in this case that the manner and form in which the notice was given by Mrs. Kibbe, through her attorney, to the City of Miami was fully acquiesced in by the City Attorney, upon whom the charter required the notice to be served, and that the City Attorney had full knowledge through the notice that was given of all details of the injuries complained of, which accomplished the purpose for which a notice of this character is required to be given. We therefore hold that it was error for the Circuit Judge to direct a verdict for the City for alleged insufficiencies in the proof as to the giving of notice under the circumstances. The judgment should be reversed and the cause remanded with directions to grant a new trial and have such further proceedings as may be had according to law and it is accordingly so ordered.

Reversed for a new trial.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.