MARION HAMMONTREE, a widow, *Plaintiff in Error,* v. CITY OF TAMPA, FLORIDA, a municipal corporation, *Defendant in Error.*

146 So. 556.

En Banc.

Opinion filed February 21, 1933.

*Hampton, Bull* & *Crom,* for Plaintiff in Error;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Defendant in Error.

DAVIS, C. J.—In this case the judgment of the Circuit Court sustaining a demurrer to plaintiff's amended declaration and entering final judgment in favor of the City of Tampa thereon, must be reversed on the authority of Kibbe v. City of Miami, 103 Fla. 793, 138 Sou. Rep. 371, and Crumbley v. City of Jacksonville, 102 Fla. 408, 135 Sou. Rep. 885, 138 Sou. Rep. 486.

Where a declaration against a municipal corporation, for injuries caused by an alleged defect in the defendant's sidewalk, does not wholly fail to state a cause of action for negligence, and alleges the giving of a written notice of the accident to the city substantially in the form required by it, so as to accomplish the purpose and carry out the intent of the statute that the city officials shall be apprised by plaintiff of the time and place of the accident, with such reasonable specifications, and names of witnesses, if known at the time of giving notice, as will enable the city officials to investigate the matter, a demurrer thereto should not be sustained. Crumbley v. City of Jacksonville, *supra;* Carlton v. Fla. East Coast Ry. Co., 95 Fla. 596, 116 Sou. Rep. 870. This Court has adopted the substantial compliance rule as to the statutory notice required in such cases. See Kibbe v. City of Miami, *supra;* McQuillian on Municipal Corporations, Suppl. Vol. 8, page 8314.

Judgment reversed wih directions to overrule demurrer to amended declaration and have further proceedings according to law.

WHITFIELD, TERRELL and BUFORD, J. J., concur.