STATE, *ex rel.* CITY OF MIAMI v. LETTY S. KNIGHT, *et vir.,* and the HONORABLE ROSS WILLIAMS, Judge, Civil Court of Record, Dade County.

189 So. 425
Division A
Opinion Filed May 30, 1939

*J. W. Watson, Jr.,* and *W. H. Burwell,* ·for Plaintiff in
Error;

*Lilburn R. Railey,* for Defendants in Error.

BUFORD, J.—In an action for trespass instituted in the
Civil Court of Record, Letty S. Knight, joined by her hus-
band, sued the City of Miami, alleging that she was owner
of certain described property in the City of Miami and
"that on said property there was at said time situated some
fifty or more houses which were owned by the plaintiff
and which from time to time she rented to tenants who
used them for residential purposes; that said buildings were
at said time of the value of $1,500.00 each, that on the 7th,
8th and 10th days of January, 1938, the defendant, the
City of Miami, Florida, unlawfully and wrongfully entered
upon said lands of the plaintiff and grievous wrongs and
trespasses thereon committed, in that the said City of
Miami, Florida, tore down two houses situated on said
premises known as 6710 and 6716 Northeast Second Ave-
nue and removed from said premises the lumber and
materials of which said houses were constructed; that the
said City of Miami had not prior to the tearing down and
removal of said houses and has not at the time of the filing
of this suit instituted condemnation proceedings to acquire
said property; that the plaintiff on the 14th day of January,
1938, filed her claim with the City Manager of the City of
Miami, Florida, for the value of said houses so torn down
and removed and payment has been refused and the plaintiff
has not in any way been compensated for the houses so
taken and for the loss of the rental therefrom since same
were taken."

Motions to strike portions of the declaration and de-

murrer to the declaration were filed, considered and over-ruled.

Defendant filed the following motion to dismiss:

"Now comes the defendant in the above styled and entitled cause, and shows that there is no allegation in the plaintiff's declaration showing a compliance with Section 93 of the city charter of the City of Miami reading as follows: to-wit:

" 'Suits Against the City: No suit shall be maintained against the City for damages arising out of any tort, unless written notice of such claim was, within sixty (60) days after the day of receiving the injury alleged, given to the City Attorney with specifications as to time and place of the injury. It shall be the duty of the City Attorney, upon receiving such notice to promptly investigate the matter and lay the facts supported by evidence, before the City Commission in a written report, and the Commission may, by resolution, after investigating make reasonable settlement for the injury suffered, or deny liability and direct the City Attorney to defend any suit brought for the recovery of damages.'

"That notice as required in said section of the city charter is a mandatory jurisdictional prerequisite for the above cause to be maintained in this Honorable Court, and that without such allegation the Civil Court of Record in and for Dade County, Florida, is without jurisdiction to try said cause and to authorize its continuance in the Civil Court of Record; that demurrer has heretofore pointed out the failure of the plaintiffs to allege notice as required by Section 93 of the city charter, but that the defendant desires specifically to challenge the jurisdiction of the Court to entertain and to allow to be maintained the above cause in the Civil Court of Record without a showing of a com-

pliance by the plaintiffs in their declaration with Section 93 of the City charter of the City of Miami;

"Wherefore, the premises considered, it is respectfully prayed that this Honorable Court either dismiss the above cause of action or stay it until such time as the plaintiffs show a compliance with the jurisdictional prerequisites for the maintenance of their cause of action, namely, a compliance with Section 93 of the city charter requiring the giving of notice to the City Attorney as therein provided."

On hearing, the Court entered the following order:

"The above cause having come on for hearing before me upon motion of the defendant to dismiss said cause or to order a stay thereof pending an amendment by the plaintiffs to show a compliance with Section 93 of the city charter of the City of Miami, and the court being of the opinion that Section 93 of the city charter of the City of Miami only applies to personal injuries and not to an action of trespass as disclosed in the plaintiffs' declaration and that therefore the plaintiffs are not required to comply with Section 93 of the city charter of the City of Miami; it is therefore

"CONSIDERED, ORDERED AND ADJUDGED that the motion of the defendant challenging the jurisdiction of this court be, and the same is, hereby denied."

The City applied to the Circuit Court for writ of prohibition to restrain the progress of the suit in the Civil Court of Record. Alternative writ of prohibition was granted. Motion to quash was interposed and, on hearing, was granted.

To the latter order the City took writ of error.

While plaintiff in error insists that we should now determine efficacy on his motion or the question of law presented by his motion to dismiss, above quoted, it is not our province to do so in this proceeding.

So far as the record shows, the Civil Court of Record

had jurisdiction of the parties and of the subject matter. The court had jurisdiction to rule on the motion and his ruling therein was assignable as error.

The statute, Sec. 93 of the city charter is at most but a limitation and its provisions may be waived in cases where they are applicable. If there is virtue in the contention it should have been presented by plea and may not be reached by motion. To a plea setting up the statute as ground for abatement, the plaintiff could interpose replication if facts warranted showing compliance or substantial compliance, or lack of applicability of the statute, or waiver, as the facts might warrant. See Hammontree v. City of Tampa, 108 Fla. 343, 164 Sou. 556.

No exercise of excess jurisdiction is made to appear.

The judgment is affirmed.

So ordered.

Affirmed. '

TERRELL, C. J., and THOMAS, J. J. concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.