100 So.2d 53 (1957)
J. Reid TILLMAN, Appellant,
v.
CITY OF POMPANO BEACH, a municipal corporation, Appellee.
Supreme Court of Florida.
December 18, 1957.
Rehearing Denied February 19, 1958.
*54 James A. Dixon, Jr., and Dixon, DeJarnette, Bradford & Williams, Miami, for appellant.
McCune, Hiaasen, Kelley & Crum, Fort Lauderdale, for appellee.
HOBSON, Justice.
This appeal arises from the action of the court in striking certain allegations of a pleading which had been filed by appellant, plaintiff below. The action had been commenced by appellant against the city and its truck driver, to recover damages for injuries sustained by appellant when a cityowned truck collided with the rear of appellant's automobile.
The city contended below that appellant was barred from prosecuting his claim by virtue of provisions of the city charter [Secs. 1 and 2, Art. 7, Part XII, Chap. 24835, Special Acts of 1947] to the effect that no suit of this nature should be maintained against the city "unless it shall be made to appear that written notice of such damage was, within thirty (30) days after the receiving of the injury alleged, given to the City Commission or the City Manager, with such reasonable specifications as to time, and place and witnesses as would enable the proper City officials to investigate the matter * * *" (Emphasis supplied.)
In the pleading with which we are concerned, appellant alleged that at the time of the accident the city manager and a member of the city commission were in the immedite vicinity. These officials promptly visited the scene, interrogated the appellant, and made a full and complete investigation of the collision on the spot. Appellant further alleged that on the day following the accident he reported the accident and his injuries and damages to an agent of the city, that such agent assured appellant the city was covered by insurance and that the accident had been or would be promptly and properly reported to the city and its insurance carrier. Appellant went on to allege in substance that various representatives of the city, including the city manager, discussed the accident and appellant's injuries with him on numerous occasions within thirty days following the accident, conceding the liability of the city and discussing only the amount of the payment due appellant. Relying upon the representations made by the city through its agents, appellant was led to believe, so he alleges, that no further action on his part was necessary, and he therefore remained inactive until the time specified in the city charter had run.
Two unusual features of this case are immediately apparent: first, the very city *55 officials to whom the statutory notice was to be given had immediate actual notice of the accident and conducted an investigation of it; and second, the city, through its agents, actively represented that the city was liable, leaving open only the question of damages, which was to be settled when the amount was finally determined. In other words, the basic representation made to appellant was that the matter would not proceed to the litigation stage, and it was with this assurance that appellant delayed obtaining representation by counsel until after the time for filing written notice had run. Both sections of the city charter here involved contemplate the giving of written notice only as a condition precedent to commencing litigation, as the use of the words "suit" and "cause of action" in the statute indicate. According to the stricken allegations, however, the city officials said in effect that they would render litigation unnecessary by settling appellant's claim, but later, after the time for performing the technical condition precedent to filing suit had run, they refused to fulfill their earlier promises, making it necessary for appellant to seek his remedies at law. Appellant could not have told the city officials in writing anything he did not tell them verbally or that they did not already know by virtue of their own investigation of the accident. We conclude that under the peculiar facts of this case the appellee was estopped to insist upon the requirement of written notice as a condition precedent to filing suit.
We have held that in a proper case the doctrine of estoppel may be applied against the interest of an entity of government. See Daniell v. Sherrill, Fla., 48 So.2d 736, 23 A.L.R.2d 1410; Florida Livestock Board v. Gladden, Fla., 76 So.2d 291; Trustees of Internal Improvement Fund v. Bass, Fla., 67 So.2d 433; Booth v. Board of Public Instruction, Dade County, Fla., 67 So.2d 690. In Daniell v. Sherrill, supra, we cited with approval the case of Farrell v. Placer County, 23 Cal.2d 624, 145 P.2d 570, 153 A.L.R. 323, wherein it was held on facts very similar to those of the case at bar that the defendants, two counties in California, were estopped to raise the running of the the statutory notice period as a defense. There the plaintiff had relied upon representations that it would be satisfactory if she waited until the extent of her injuries were known before she stated the amount claimed or made a settlement. Similar cases so holding are Bubb v. City Sunbury, 37 Pa. D. & C.R. 399, and Badger v. Upper Darby Twp., 348 Pa. 551, 36 A.2d 507. See also City of Waco v. Thralls, Tex.Civ.App., 172 S.W.2d 142, and City of Lubbock, Texas v. Green, 5 Cir., 201 F.2d 146.
We have frequently expressed our views regarding the purpose of municipal charter provisions requiring notice to the city within a time certain. See Olivier v. City of St. Petersburg, Fla., 65 So.2d 71, and Buck v. City of Hallendale, Fla., 85 So.2d 825. There can be no doubt that the actual notice which was had by the city officials in the instant case fulfilled the purpose of the charter provisions. When the city manager and a member of the city commission, directly after the accident occurred, made an investigation thereof, the city was then on an equal footing with appellant and had an opportunity to investigate the matter in detail in order to determine whether a settlement was indicated and prepare the city's case for a trial if necessary.
We are not unmindful that the result which we have reached is inconsistent with the position taken by the courts of several other states. See the cases collected in annotations at 153 A.L.R. 329 and 82 A.L.R. 749. In this connection we can say only that under the peculiar facts of this case, where it is alleged that city officials, who had actual knowledge of all the facts which a notice required by the charter provision would have disclosed, won the confidence of a bona fide claimant, causing him, by their affirmative acts and assurances, to defer seeking his remedies at law, the requirements of fair play compel us to hold that the city may not now be heard to say *56 that the claimant is barred from adjudication of his rights.
Reversed and remanded.
TERRELL, C.J., and ROBERTS and O'CONNELL, JJ., concur.
THOMAS, DREW and THORNAL, JJ., dissent.
THORNAL, Justice (dissenting).
Appellant seems to concede that we have on several occasions held that an individual official or agent of a municipality has no authority to waive the statutory requirement. Although we have held in some instances that a formal defect in a written notice may be waived by the city, we have not been referred to any decisions where we have approved the waiver of the notice in its entirety. Appellant here contends that he relies on an estoppel rather than a waiver. Admittedly, there is a technical distinction between estoppel and waiver. 19 Am.Jur., Estoppel, Sec. 36, p. 636. In this particular instance, however, the distinction may be more apparent than real. Admitting the constitutionality of the statutory requirement, it appears to us that if the city manager or other individual officer or agent has no power to bind a municipality by a waiver, he similarly has no authority or power to assume a course of action that would result in an estoppel. An essential element of estoppel based on misleading representations is the proposition that the party asserting the estoppel must have had a right to rely upon the alleged misleading words or conduct.
Charging every person with presumed knowledge of the law, I find nothing in the record here to justify the conclusion that the plaintiff had a right to rely on the alleged representations of the city manager or the city's insurance adjuster. His position might be otherwise if by formal action of the municipal governing authority, such as the City Council, he had been misled to his injury. In such a case he would doubtless be justified in relying on the acts and conduct of the official governing agency. This is not so in the case of an individual officer, employee or agent. In Robertson v. Robertson, Fla. 1952, 61 So.2d 499, we quoted with approval the above cited reference to American Jurisprudence. It is there stated in substance that one who relies on an equitable estoppel based on the words or conduct of an adversary must establish that he was excusably ignorant of the real facts and that he had a right to rely upon the words or conduct of the opposite party.
In Town of Mount Dora v. Green, 117 Fla. 385, 158 So. 131, the local act applicable to the city was to the effect that all causes of action against the city "shall be instituted within twelve months after the cause of action accrues." This Court there held that the municipality was bound to assert the defense afforded by this statute. It was further held that an agent of limited authority had no power to bind the city by waiver or by conduct amounting to an estoppel so as to preclude the municipality from pleading the benefits of the statute. Specifically it was held:
"This mandatory provision may not be respected or ignored at the will of the municipal officers and agents. It may not be set aside to favor some and invoked to hinder others, but it is the controlling law and it is the duty of the municipality to invoke it in all cases. That duty cannot be waived or its performance estopped by the conduct of an officer or agent without legislative authority.
"A mandatory statute of limitations and a mandatory requirement of presentation of notice as a condition precedent to the right to maintain an action stand on much the same ground."
With due respect it appears to me that the majority opinion completely ignores the rule of the decision last cited as well as others which have followed it. The appellee *57 relies upon the last cited decision to support an affirmance and it is my feeling that we should either specifically recede from the rule of that case or else follow it. I would follow it. I, therefore, respectfully dissent.
THOMAS and DREW, JJ., concur.