WHITE, Judge.
Catherine Finneran and Charles Finner-an, her husband, appeal a final judgment dismissing their amended complaint as fatally defective because there was no oath to the advance notice of their tort claim against the defendant municipality. The final judgment reads in pertinent part as follows:
“This cause coming on to be heard pursuant to notice and the Court having heretofore granted the Defendant’s motion to dismiss the amended complaint and having dismissed the same without leave to amend because it appears that the Plaintiffs failed to give notice to the Defendant municipality *502 which was not sworn to as required by the Charter of the City of Lake Worth, Florida, and such notice being insufficient under the law, the Defendant is entitled to final judgment.
“IT IS THEREUPON ORDERED by the Court that the Plaintiffs CATHERINE FINNERAN and CHARLES FINNERAN, her husband, recover nothing from the Defendant, CITY OF LAKE WORTH, FLORIDA, a municipal corporation, and that said Defendant go hence without day.”
The plaintiffs seek to sustain their complaint under two points on appeal in substance as follows: (1) If a municipal corporation receives written notice of a claim against it within the time limited by its charter and proceeds to investigate the claim, raising no objection to the form of notice until after suit is filed, is the municipality estopped from asserting invalidity of the notice as a defense where the notice otherwise meets statutory requirements? (2) In the circumstances of this case was plaintiffs’ failure to swear to the notice of claim against the defendant municipality a material defect or omission sufficient to bar prosecution of their claim?
On the motion to dismiss it must be assumed, of course, that the well pleaded facts are true. Brandon et al. v. County of Pinellas, Fla.App.1962, 141 So.2d 278. The amended complaint alleged that the incident complained of occurred on a certain sidewalk in the City of Lake Worth, that the sidewalk was in a defective condition for a long time prior to the incident in question, that there were no warning devices, that the defendant knew or by the exercise of reasonable diligence should have known that the sidewalk was defective and dangerous, but the defendant negligently failed to remedy the condition. It was further alleged that plaintiff Catherine Finneran did not know of the described condition and that she tripped over the defective portion of the sidewalk and fell sustaining permanent and other injuries as a proximate result of defendant’s negligence. The plaintiffs also allege that notice was given to the city “as required by law”; that the defendant, having investigated the claim and having at no time objected to the omission of an oath until suit was filed, was estopped from asserting such omission in bar of the suit.
It appears that seasonable unsworn notices were sent by registered mail to Ruth U. Fales, City Clerk, and to Zell Altman,. City Attorney. The notices set forth the location of the alleged defect in the sidewalk, the time that the injuries occurred, the nature of the injuries, the name and address of the prime witness, the name of the treating doctor and the place of treatment. Copies of the notice were attached and made a part of the complaint, and plaintiffs submit that they substantially complied with the notice requirement.
Specifically, the plaintiffs contend that the defect in the notice was a minor one,, that the defendant investigated and knew the facts surrounding the claim, that the sole purpose of the notice was to inform, the defendant so that an investigation could be made while evidence was available, that an oath would not have imparted any additional information and that the defendant can not now be heard to complain of its omission.
The defendant city, on the other hand,, urges application of the rule lately adopted in Hoffman v. City of Palm Springs, 169 Cal.App.2d 645, 337 P.2d 521, wherein the California court held that an unverified notice of claim was not “substantial compliance” and could not form the basis for an-action against the municipality under the Public Liability Act of California. That and similar holdings in several other states are, however, opposed by the import of better reasoned Florida decisions. See and compare Crumbley v. City of Jacksonville, 1931, 102 Fla. 408, 135 So. 885, 138 So. 486; Kibbe v. City of Miami, 1931, 103 Fla. 793, 138 So. 371; Hammontree v. City of Tampa, 1933, 108 Fla. 343, 146 So. 556; Magee v.. *503 City of Jacksonville, Fla.1956, 87 So.2d 589, 62 A.L.R.2d 334; Monchek v. City of Miami Beach, Fla.App.1959, 110 So.2d 20; Tillman v. City of Pompano Beach, Fla. 1958, 100 So.2d 53, 65 A.L.R.2d 1273. We think these cases sustain the plaintiffs’ view.
For example, in the similar case of Magee v. City of Jacksonville, supra, the Supreme Court of Florida, speaking through Justice Thornal, said:
“Local Acts of the nature of the one under consideration have been consistently upheld by this and other courts. Justification for these statutes is that a municipality is entitled to a reasonable notice of a pending claim against it in ■order to enable the City to make a thorough investigation of the claim before admitting or denying liability in ■connection with a demand that might require the expenditure of public funds. A reasonable time limitation is appropriate so that the City might have notice within a reasonable proximity of time after the occurrence of the injury in order to interview witnesses :and make a thorough investigation •promptly. On the other hand, we have also consistently recognized that municipalities may be liable for negligence in the maintenance of, or in the failure to maintain, the public streets if such negligence results in injury and if the defect in the street was known or should have been known to the municipal officials.
Assuming that a claimant has a meritorious cause against a municipal corporation, he should not be deprived of his day in court by an unreasonably technical and burdensome application of a ‘non-claim’ statute if the notice given by him is served on the proper municipal official within the time required and is drafted with sufficient detail to accord to the municipality a fair and reasonable opportunity to make a sufficient investigation to determine with-in the sound judgment of the proper officials whether or not the claim has merit.
“This court has in some measure required a relatively strict compliance with the requirements of statutes of the nature under consideration to the end that the public might receive full benefit of the notice required by the Legislature. On the other hand it appears to us that a just claim, if one exists, should not be denied by the application of strained constructions and the imposition of requirements for minute detail where an examination of the entire notice reveals that it furnishes to the City officials adequate information within the framework of the statutory requirements in sufficient detail to enable them to make a thorough investigation of the asserted claim.”
It was held in one Florida case that no written notice at all was necessary where the city officials to whom statutory notice was to be given had actual notice of the accident and, to the plaintiff’s knowledge, had conducted an investigation. The municipality was held estopped from insisting on written notice. See Tillman v. City of Pompano Beach, supra, wherein the Supreme Court said:
“it * * jn this connection we can say only that under the peculiar facts of this case, where it is alleged that city officials, who had actual knowledge of all the facts which a notice required by the charter provision would have disclosed, won the confidence of a bona fide claimant, causing him, by their affirmative acts and assurances, to defer seeking his remedies at law, the requirements of fair play compel us to hold that the city may not now be heard to say that the claimant is barred from adjudication of his rights.”
On the present state of the pleadings the defendant city is held to have waived oath to the notice and is estopped to assert its omission. The prime purpose *504 of the notice requirement was substantially served. The conclusion is that the amended complaint was sufficient to withstand the motion to dismiss.
Reversed.
KANNER, Acting C. J., and ALLEN, J., concur.