TILLMAN PEARSON, Judge.
This appeal concerns itself with the question of whether the plaintiff is barred from prosecuting her claim against the City of Miami because of her failure to give notice as provided by the City Charter. We hold that the City is estopped, under the circumstances in this case, to assert the defense.
The plaintiff claimed that she was injured by falling into a water-meter hole which was alleged to have been negligently left uncovered. She filed her complaint in which she alleged that she had served written notice of her claim upon the City Attorney of the City of Miami. This allegation was made in order to avoid dismissal under § 93 of the Charter of the City of Miami (Fla.Sp.Laws 1925, ch. 10847 as amended) which provides in part:
“No suit shall be maintained against the city for damages arising out of any tort, unless written notice of such claim was, within sixty (60) days after the day of receiving the injury alleged, given to the City Attorney with specifications as to time and place of the injury. * * * ”
The City filed its answer by way of general denial and one affirmative defense in which it was alleged that any injuries suffered by the plaintiff were caused in whole or in part by the negligence of the plaintiff. Thereafter, the City filed a “motion for judgment on the pleadings” and “motion to strike a sham pleading.” Attached to the motion to strike was an affidavit of the City Attorney that he had not received a written notice of the claim. The motion to strike as sham was presumably filed under Rule 1.14(a), Florida Rules of Civil Procedure, 30 F.S.A. which provides:
“(a) Motion to Strike. If a party .deems any pleading or part thereof filed by the other party to be a sham, he may, before the cause is set for trial, move to strike said pleading or part thereof and the court shall hear said motion, taking evidence of the respective parties, and if the motion be sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment, decree, decree pro confesso, and summary decree, on the merits, may, in the discretion of the court, be entered, or the court may for good cause shown, permit additional pleadings to be filed.”
In response the plaintiff filed an affidavit in which she set forth that by error her notice of claim was sent to the Director of the Department of Water and Sewers of the City of Miami and that she had received a reply which lulled her into believing the notice was sufficient. Attached to the affidavit was the reply in which the city official stated “Your letter of April 30 concerning injury to Princess Deloise Brooks will be forwarded to our insurance company and you will, no doubt, hear from them shortly.”
Based upon the motions of the defendant and the two affidavits, the trial judge entered an “Order on Pleadings.” This order recites that the motions are granted and that the complaint is dismissed with prejudice. The action of the trial judge in this matter amounted to a summary judgment for the defendant because of the failure of the plaintiff to give proper notice of her claim to the City. The dismissal cannot be sustained upon the basis of a finding that the pleading was a sham. *677 Guaranty Life Ins. Co. of Florida v. Hall Bros. Press, Inc., 138 Fla. 176, 189 So. 243; Carapezza v. Pate, Fla.App.1962, 143 So.2d 346.
Nevertheless, we do not feel that this appeal should he decided on that basis because each party has in good faith presented to this court argument upon the real question involved, which is, whether the facts constitute an estoppel against the City to raise the defense of lack of notice. We shall, therefore, consider the judgment as a summary final judgment based upon the pleadings and the affidavits.
It is clear that the plaintiff mis-plead her case. Her allegation that she had notified the City Attorney has been demonstrated to be untrue. However, it is within the realm of reason that this legal conclusion was predicated upon her contention later made that she had notified a responsible official of the City who had acted so as to lull her into believing that the notice was sufficient. The City urges that the plaintiff ought not be entitled to the advantage of an estoppel because she did not plead the facts giving rise to the estop-pel. We cannot agree with this statement inasmuch as the City’s answer was by general denial.
The purpose of a statutory provision requiring notice of a claim to be given to a municipality is to give the municipality opportunity to investigate the matter, allow its governing body to determine the question of liability, and if desired or justified, to settle the matter and avoid litigation. Sarasota v. Colbert, Fla.App.1957, 97 So.2d 872.
It was held in Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885, 138 So. 486, that technical defects in a notice of claim which was timely filed were deemed to be waived by the City. And to the same effect, it was held in Hammontree v. City of Tampa, 108 Fla. 343, 146 So. 556, that it is sufficient if there is substantial compliance with the requirements of the notice statute. In Kibbe v. City of Miami, 103 Fla. 793, 138 So. 371, a notice of claim was filed with the City Manager who in turn sent a copy of the acknowledgment to the City Attorney. The court held this was sufficient compliance with the statute, indicating that municipal authorities have the right to waive a mere defect in the manner or form in which notice is given.
Upon the other hand, it was held in Town of Mount Dora v. Green, 117 Fla. 385, 158 So. 131, that the right of a municipality to plead the statute of limitations cannot be waived by a local insurance agent doing business with the city and acting as an agent of the city with limited authority.
Later in Tillman v. City of Pompano Beach, Fla.1957, 100 So.2d 53, 65 A.L.R.2d 1273, it was held that where officials to be notified had actual notice of the injury and conducted an investigation, the City was estopped to raise the defense that no written notice had been given. This situation arose where the plaintiff had reported the injury to an agent of the City who assured the plaintiff that the claim would be reported to the City and its insurance carrier.
In the instant case the plaintiff sent her letter to a responsible City official of the department which she conceived was responsible for her injury. The letter was acknowledged with a statement that the matter was being processed by reference to an insurance company. We think that the plaintiff was justified in believing that she had done all that was necessary in notifying the City of her claim. If the City is to have the benefit of the strict enforcement of the short limitation period set forth in its Charter, it must scrupulously avoid any action which might prejudice the claimant in the giving of the notice. The action of the head of the Water Department as an agent of the City was clearly sufficient to mislead the plaintiff. Therefore, the City is estopped to assert the defense of láck of notice.
*678 The City urges that under its Charter the Water Department is an autonomous agency capable of suing and being sued. This fact is not revealed 1 by the pleadings in this case. We therefore refrain from commenting upon its effect if it is presented as a defense in this case.
The judgment of dismissal is reversed and the case remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.