WHITE, Judge.
Plaintiff appeals a judgment for the defendant city entered on the pleadings in a negligence action. Labeled as a summary final judgment, the appealed order is based on the plaintiff’s failure to give notice to the defendant city in the manner contemplated by Chapter 18896, Laws of Florida 1937. The Special Act in question requires a personal injury claimant to give written notice of his claim to the city within sixty days of the occurrence of the incident giving rise to the claim.
The pedestrian plaintiff was hit by a city owned bus. The only question presented is whether from the pleadings themselves it is clear that the defendant city must prevail. We hold that the allegations of the complaint, if true, are sufficient to estop the city from asserting this defense. Brooks v. City of Miami, Fla.App. 1964, 161 So.2d 675; Finneran v. City of Lake Worth, Fla.App.1963, 152 So.2d 501; Tillman v. City of Pompano Beach, Fla.1957, 100 So.2d 53, 65 A.L.R.2d 1273.
The issue of notice was squarely met in plaintiff’s complaint. Plaintiff alleged that the city had actual notice of the time and place of the accident and the nature and extent of his injuries shortly after the occurrence; that agents of the city informed plaintiff that the claim had been investigated and that no further information or notice was required at that time; that two weeks after the accident, while plaintiff was confined to his home as a result of his injuries, plaintiff’s wife personally went to the office of the city attorney for the purpose of making inquiry as to the procedure for pursuing the claim against the defendant. It was further alleged that:
* * * “a secretary then employed in said office, inquired of the said Virginia Carpenter as to the purpose of her visit, and upon being so advised by said Virginia, said secretary thereupon examined a file of papers then located in said City Attorney’s office, and she asked if the inquiry of said Virginia Carpenter was in reference to an accident to Paul Carpenter, the owner of Rapid Shoe Repair; that said Virginia Carpenter did thereupon indicate that her husband was, in fact, said Paul Carpenter, and she was then instructed by said secretary that inasmuch as the City Attorney’s Office did have a record of the accident, plaintiff should wait until such time as he had ascertained the full nature, extent and costs of his injuries resulting from said accident, and then plaintiff should contact the Insurance Adjuster for the City of St. Petersburg. 4
“6. Plaintiff further alleges that thereafter, at approximately the end of March, 1962, Virginia Carpenter again visited the Office of the Attorneys for the City of St. Petersburg, and during this visit, a secretary employed in said Office, advised and instructed Virginia Carpenter to confer with a Mr. Pillsbury who was then *774 the Adjuster for said Defendant City; that thereupon, said Virginia Carpenter immediately went to the office of Mr. Pillsbury for the express purpose of discussing with him, pursuant to the suggestion and instruction of the secretary in the City Attorney’s Office, 'the facts and circumstances surrounding her husband’s claim for damages against said defendant, City of St. Petersburg, Florida; that at said time and place, said Adjuster examined a file in reference to said accident and he fully discussed plaintiff’s claim against said defendant with plaintiff’s wife; that further, at the conclusion of this conference, said Adjuster instructed the said Virginia Carpenter not to worry about her husband’s claim, and said Virginia Carpenter was assured that said defendant would do the right and proper thing; that further, said Adjuster did give plaintiff’s wife his card and on the back thereof, he noted that said defendant’s file number in reference to this accident is T-7388, and the said Virginia Carpenter was instructed to refer to said file number when either she or the plaintiff made subsequent inquiry as to the progress of plaintiff’s claim for damages.”
Plaintiff further alleged that as a consequence of the representations and assurances of the agents, officers and employees of the defendant, and in reliance thereon, he filed no formal written notice with the city until some eleven days. after the expiration of the sixty day limitation. A copy of the notice actually given the city was attached to the original complaint. The city filed responsive pleadings denying negligence and denying that formal written notice was delayed as a consequence of the representations and assurances of its agents, officers or employees. Subsequently the defendant filed its so-called motion for summary judgment. No supporting or opposing affidavits, depositions or other exhibits were filed.
In Brooks v. City of Miami, supra, Judge Pearson, speaking for the Third District Court of Appeal, discussed notice statute requirements involved in Crumbley v. City of Jacksonville, 1931, 102 Fla. 408, 135 So. 885, 138 So. 486; Hammontree v. City of Tampa, 1933, 108 Fla. 343, 146 So. 556; Kibbe v. City of Miami, 1931, 103 Fla. 793, 138 So. 371; Town of Mount Dora v. Green, 1934, 117 Fla. 385, 158 So. 131, and Tillman v. City of Pompano Beach, supra, before reaching the following conclusion:
“In the instant case the plaintiff sent her letter to a responsible City official of the department which she conceived was responsible for her injury. The letter was acknowledged with a statement that the matter was being processed by reference to an insurance company. We think that the plaintiff was justified in believing that she had done all that was necessary in notifying the City of her claim. If the City is to have the benefit of the strict enforcement of the short limitation period set forth in its Charter, it must scrupulously avoid any action which might prejudice the claimant in the giving of the notice. The action of the head of the Water Department as an agent of the City was clearly sufficient to mislead the plaintiff. Therefore, the City is estopped to assert the defense of lack of notice.”
Similarly in Finneran v. City of Lake Worth, supra, this court held the defendant estopped from asserting invalidity of notice where the city having received actual notice within the time limited by charter, proceeded to investigate the claim and raised no objection to the form of notice until after suit was filéd.
The conclusion is that the complaint was sufficient to withstand the motion.
Reversed.
SMITH, C. J., and TEDDER, GEORGE W., Jr., Associate Judge, concur.