INSURANCE COMPANY OF PUERTO RICO y MUNICIPIO DE BA-
YAMÓN, demandantes y recurridos, *v.* SALVADOR RUIZ
MORALES, demandado y recurrente.

*Número:* O-67-31 *Resuelto:* 6 de junio de 1968

Rafael S. Fuentes y José Pérez Rodríguez, abogados del demandado y recurrente; Castro & Castro, abogados de los demandantes y recurridos.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En *Mangual v. Tribunal Superior*, 88 D.P.R. 491 (1963), resolvimos que el cumplimiento del requisito de notificación de una reclamación a un municipio dentro de los noventa días siguientes a la fecha en que se tuvo conocimiento de los daños reclamados exigido por el Art. 96 de la Ley Municipal de 1960, 21 L.P.R.A. sec. 1603, es una condición previa de cumplimiento estricto para poder demandarlo. Aludimos entonces a los propósitos que subrayan la adopción de estatutos de esta clase, a saber: "1—proporcionar . . . la oportunidad de investigar los hechos que dan origen a la reclamación; 2—desalentar las reclamaciones infundadas; 3—propiciar un pronto arreglo de las mismas; 4—permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5—descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6—advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7—mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado."

Plantéase en el presente recurso la necesidad de cumplir con el requisito de notificación cuando la reclamación contra el municipio no se inicia por vía de demanda, sino que se interpone por un demandado como reconvención dentro de la contestación formulada a la acción de la entidad municipal

para el resarcimiento de daños sufridos por ésta con motivo de un accidente.

Los particulares sobre el suceso que dio margen al litigio se exponen como antecedentes en la opinión emitida en esta fecha en *Insurance Co. of P.R.* v. *Ruiz*, ante, pág. 164. Destacaremos, sin embargo, los hechos que son pertinentes para resolver la cuestión apuntada. En 9 de septiembre de 1964, el Municipio de Bayamón y su aseguradora Insurance Company of Puerto Rico, recurrieron al Tribunal de Distrito, Sala de Bayamón, mediante demanda contra Salvador Ruiz Morales en la cual solicitaban sentencia contra éste por daños causádosle con motivo de un accidente ocurrido *cincuenta y siete días antes*. La Insurance reclamó $827.20, cantidad que satisfizo a su asegurado para cubrir el costo de la reparación de un vehículo; el municipio, $1,000, para resarcirse de $50 con que contribuyó bajo los términos de la póliza para la reparación y $950 por pérdida de uso y depreciación. Expresamente se alegó que "El accidente ocurrió por la negligencia y falta de cuidado del demandado." [1] Luego de solicitar en 23 de septiembre una prórroga para alegar, el demandado Ruiz Morales formuló su contestación en 15 de octubre, a los *noventa y tres días* del accidente, en la que incluyó una reconvención por los daños que se le causaron tanto a él personalmente como por la pérdida de su vehículo. La réplica a la reconvención se limitó a una negativa general; sólo se adujo como defensa la existencia de límites de responsabilidad de la compañía aseguradora.

Fue el pleito a juicio. En 25 de agosto de 1965 el Tribunal de Distrito dictó sentencia condenando a la parte demandante a satisfacer a Ruiz Morales la suma de $7,126 y $700 para honorarios de abogado, luego de deducir la pro-

---

[1] En 5 de abril de 1965, en contestación a un interrogatorio, especificó que la negligencia consistió en la inobservancia de un signo para detenerse y en haber invadido una intersección a velocidad exagerada y sin tomar precauciones.

porción correspondiente al 15% de responsabilidad que se atribuyó a dicho demandado. Los demandantes apelaron.

Es por primera vez en el señalamiento de errores ante el Tribunal Superior que se levanta la cuestión relativa a la falta de notificación, al decirse en el apuntamiento séptimo que el tribunal de instancia había incidido al declarar con lugar la demanda contra el municipio en ausencia de prueba sobre el cumplimiento del requisito de notificación que exige el Art. 96 de la vigente Ley Municipal. Así lo estimó el Tribunal Superior, y en consecuencia, procedió a desestimar la reconvención contra el municipio.

■ De los hechos relatados aparece que a la fecha en que el Municipio de Bayamón inició la acción en reclamación de daños aún no había transcurrido el término de 90 días que tenía el demandado Ruiz Morales para efectuar la notificación. Por tratarse de una reconvención compulsoria—surgía de la misma transacción o evento, Regla 11.1 de las de Procedimiento Civil—desde ese momento el demandado estaba obligado a presentar la reclamación que estimaba tener dentro del mismo pleito por vía de reconvención, irrespectivamente de la notificación. A nuestro juicio la iniciación de la acción judicial por el municipio dentro del término indicado hizo inoperante el requisito de notificación.

*County of Nassau* v. *Wolfe*, 273 N.Y.S.2d 985 (1966) y *Broome County* v. *Binghamton Taxicabs Co.*, 75 N.Y.S.2d 423 (1947), resuelven que el requisito de notificación prevalece aun cuando la reclamación se ejercite mediante reconvención. Sin embargo, en el primero, el pleito iniciado por el condado fue incoado cuando ya había transcurrido el término para la notificación, contrario a lo que ocurre en la situación que consideramos; en el segundo, limítase el tribunal a exponer la regla sin ulterior discusión.[2] En tales circunstancias, la fuerza persuasiva de estos precedentes no puede ser deci-

---

[2] De la opinión publicada no podemos determinar si el término de notificación había expirado cuando se inició la acción por el condado.

siva, especialmente en ausencia de una referencia clara a los propósitos que animan los estatutos de esta clase.

Al inicio de esta opinión hicimos referencia a los propósitos de esta legislación, que pueden condensarse en dos: a) evitar las reclamaciones fraudulentas y excesivas, y, b) ofrecer al municipio la oportunidad de aminorar los daños. Las circunstancias del presente caso revelan que el municipio tuvo prontamente conocimiento del accidente y sus consecuencias de forma tal que le permitió atribuir la responsabilidad por el mismo al demandado en los términos inequívocos que contiene su alegación sobre negligencia. Por otro lado, tampoco se deduce que sufriera perjuicio alguno por no habérsele brindado la oportunidad de mitigar los daños, la cual en vista del firme convencimiento de que el demandado era el único responsable, probablemente no hubiese aprovechado. Cf. *Guzmán Muñoz* v. *Comisión Industrial*, 85 D.P.R. 700 (1962); *Cuebas Fernández* v. *P.R. American Insurance Co.*, 85 D.P.R. 626 (1962); *Pons* v. *Rivera Santos*, 85 D.P.R. 524 (1962); *Faulkner* v. *Nieves*, 76 D.P.R. 434 (1954).

 Nuestra inclinación ha sido a no extender sin sentido crítico el requisito de notificación. En *Rosario Quiñones* v. *Municipio de Ponce*, 92 D.P.R. 586 (1965), nos negamos a aplicarlo a una acción en reclamación de daños y perjuicios por quebrantamiento de contrato; en *García* v. *Northern Assurance Co.*, 92 D.P.R. 245 (1965), sostuvimos que sólo aprovechaba al municipio, mas no a su compañía aseguradora. Estas condiciones limitativas del derecho de las personas a solicitar reparación deben interpretarse restrictivamente. No hay razón alguna para distinguir en el caso de los cuerpos políticos, pues conocida es la tendencia prevaleciente a exigirles responsabilidad en la misma forma y extensión que a las personas naturales.

 Finalmente, aunque de cumplimiento estricto, la notificación no es un requisito estrictamente jurisdiccional.

*Heck* v. *City of Knoxville*, 88 N.W.2d 58 (Iowa 1958), *Daniel* v. *City of Richmond*, 100 S.E.2d 763 (Va. 1957); *City of South Norfolk* v. *Dail*, 47 S.E.2d 405 (Va. 1948); *Hogan* v. *City of Beloit*, 184 N.W. 687 (Wis. 1921). Contra, *Galloway* v. *City of Winchester*, 184 S.W.2d 890 (Ky. 1944); *Thompson* v. *City of Charleston*, 191 S.E. 547 (W.Va. 1937). En *Daniel* v. *Richmond*, supra, se dice que la notificación es un elemento esencial de la reclamación del demandante que debe ser alegado y probado, pero que la omisión de alegarlo y probarlo debe ser levantada como cualquier otra defensa no privilegiada. Y en *South Norfolk* v. *Dail*, supra, sostúvose que tal cuestión no puede ser levantada por primera vez en apelación, como se hizo en el presente caso.

En virtud de lo expuesto y las circunstancias que concurren, no procedía desestimar la reconvención contra el municipio.

El segundo error apuntado por el demandado recurrente se refiere a la reducción que se hizo por el Tribunal Superior en el importe de la sentencia dictada a favor de Ruiz Morales para cubrir el importe del 15% de los daños ocasionados al vehículo del municipio, o sea la suma de $131.59, fundándose en que ya ésta se había tomado en consideración por el Tribunal de Distrito. No tiene razón. El Tribunal de Distrito al fijar las partidas de los daños ocasionados a Morales le redujo el por ciento atribuible a su negligencia. Pero esto no quiere decir que el municipio no pueda recobrar por los daños al vehículo de su propiedad en la proporción en que Morales respondía.

*Se modificará la sentencia dictada por el Tribunal Superior, Sala de Bayamón en 2 de diciembre de 1966, en cuanto al pronunciamiento que declaró sin lugar la reconvención contra el Municipio de Bayamón, y así modificada, se confirmará.*

El Juez Asociado Señor Ramírez Bages disintió.

—O—

Opinión disidente del Juez Asociado Señor Ramírez Bages

San Juan, Puerto Rico, a 6 de junio de 1968

Disiento de la conclusión mayoritaria al efecto de que no procedía desestimar la reconvención contra el municipio debido a que se radicó fuera del término prescrito por el Art. 96 de la Ley Municipal de 1960 (21 L.P.R.A. sec. 1603). Las razones que me obligan a disentir son las siguientes:

(1) El récord del caso demuestra que el accidente ocurrió en 14 de julio de 1964. La demanda del municipio se radicó en 9 de septiembre de 1964. El recurrente solicitó prórroga de 15 días para contestarla, en 25 de septiembre de 1964, porque tenía "necesidad de hacer ciertas investigaciones para poder hacer las alegaciones correspondientes correctamente." En lugar de actuar dentro de dicha prórroga, el recurrente vino a radicar su escrito de contestación y reconvención en 23 de octubre de 1964, o sea, a los 101 días de ocurrido el accidente. El reconvencionista tuvo por lo tanto 33 días desde que se radicó la demanda del municipio hasta que venció el término para el perjudicado notificar a dicho municipio del accidente y de sus daños, es decir una amplia oportunidad para cumplir con el requisito de notificación del referido Art. 96 de la Ley Municipal.

(2) No obstante los propósitos para los cuales se requiere la notificación relacionados por el compañero Juez Blanco Lugo en la opinión de mayoría en este caso y en su opinión en *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491, 494 (1963), dicho Juez, en *Mangual*, supra, concluyó que "en Puerto Rico, *el requisito de notificación es una condición previa de cumplimiento estricto.*" (Énfasis nuestro.) En consonancia con esta norma es obvio que el Art. 96 claramente limita dicho requisito de notificación a los casos de accidentes

u otras actuaciones que ocasionan daños a la persona o a la propiedad de otro de los cuales se puede responsabilizar a un municipio, y que el referido requisito sólo beneficia al municipio que se trata de responsabilizar por los daños ocasionados. De ahí que en *Rosario Quiñones* v. *Municipio de Ponce,* 92 D.P.R. 586 (1965), nos negáramos a aplicar dicho requisito en una acción de reclamación de daños y perjuicios por quebrantamiento de contrato y en *García* v. *Northern Assurance Co.,* 92 D.P.R. 245 (1965), sostuviéramos que el requisito en cuestión sólo aprovecha al municipio mas no a su compañía aseguradora.

(3) El requisito de notificación a que se refiere el Art. 96 de la Ley Municipal cubre "reclamaciones de cualquier clase." No contiene autoridad para prorrogar el término de 90 días como la contiene la ley de Nueva York de donde adoptamos esta legislación, ni autoridad para renunciar el requisito de notificación como se provee en la legislación en otras jurisdicciones. Entiendo que cubre una reconvención pues ésta no es más que otra manera de hacer una "reclamación" al municipio y se gobierna por las mismas reglas de una demanda. *Bank of United States* v. *Frost,* 255 N.Y.S. 763 (N.Y. 1932).

(4) Los casos de *Guzmán Muñoz* v. *Comisión Industrial,* 85 D.P.R. 700 (1962), y *Faulkner* v. *Nieves,* 76 D.P.R. 434 (1954), no son aplicables a la situación que nos ocupa pues, como indica el Juez Blanco Lugo en el escolio 8 de su opinión en *Mangual,* supra, estos casos "plantean un problema distinto pues en los mismos estaban envueltos requisitos de notificación en relación con pólizas de seguro, en que la interpretación debe favorecer al asegurado." Véanse, además, *Cuebas Fernández* v. *P.R. Insurance Co.,* 85 D.P.R. 626 (1962); *Pons* v. *Rivera Santos,* 85 D.P.R. 524 (1962).

(5) Es sólo *en casos excepcionales* en que los tribunales han concluido que el municipio queda impedido por su con-

ducta de invocar el derecho de notificación. Son los siguientes:

 (a) *Tillman* v. *City of Pompano Beach*, 100 So.2d 53 (Fla. 1957).

En este caso el reclamante demandó a la ciudad por daños a su automóvil. La ley disponía, como condición previa el mantenimiento de una demanda contra la ciudad, notificación escrita a la asamblea o al alcalde dentro de los 30 días después del daño. El demandante alegó que en el momento de ocurrir el accidente el alcalde y miembros de la asamblea se encontraban cerca, fueron al sitio de los hechos, interrogaron al demandante e hicieron una investigación total del accidente. Luego el alcalde discutió el asunto con él, *aceptó la responsabilidad* de la ciudad y sólo quedaba por resolver la cuestión de los daños. Descansando en eso, el demandante no notificó al municipio dentro del tiempo reglamentario.

El tribunal resolvió que bajo esas circunstancias la ciudad estaba impedida (*estoppel*) de invocar la defensa.

No obstante, el tribunal dice que están conscientes que la mayoría de las jurisdicciones no siguen esa posición, pero que en vista de las *circunstancias excepcionales* del caso creen que es más justo resolver en ese sentido. Tres de los siete jueces del tribunal disintieron.

 (b) *Phillips* v. *City of Abilene*, 195 S.W.2d 147 (Texas 1946).

Este caso resuelve que el requisito de notificación es de cumplimiento estricto.

 (c) *Cawthorn* v. *City of Houston*, 231 S.W. 701 (Texas 1921).

En este caso, luego del accidente, el demandante fue visitado por uno de los comisionados de la ciudad, y le ofreció un documento escrito que el demandante firmó, relacionado con los daños del demandante y la compensación. Fue invi-

tado por este señor para que compareciera ante la comisión de la ciudad para ajustar y transar la reclamación; que ellos aceptaron la reclamación y *"verían qué podían hacer por él"*; que él entendió que la ciudad había renunciado al requisito de notificación. (Énfasis nuestro.)

El tribunal analiza la situación y llega a la conclusión que en este caso el municipio estaba *impedido* de invocar la defensa. Sobre la cuestión de renuncia, dice que como el estatuto no prohibe la renuncia, el alcalde o la comisión, pueden, *si así lo desean*, renunciar al requisito de notificación.

La renuncia, en derecho, equivale a dejar de alegar o defender voluntariamente un derecho que se tiene. El caso no resuelve si de acuerdo con los hechos particulares de este caso, en efecto hubo una renuncia. Sólo decide que si la conducta del municipio (ciudad) *equivalía a darle al demandante un cierto grado de seguridad, motivándolo a creer que el municipio había renunciado al requisito de notificación y que una persona prudente y normal en circunstancias similares hubiera creído lo mismo, entonces la ciudad estaría impedida de invocar la defensa.*

Las circunstancias excepcionales a que se refieren los anteriores casos no prevalecen en el que nos ocupa, pues por el contrario, el reconvencionista tuvo amplia oportunidad y suficiente tiempo para cumplir con el Art. 96 de la Ley Municipal notificando al municipio de los daños que le ocasionó el accidente antes de los 90 días de ocurrido, y antes de radicar su reconvención. Además, esta doctrina de impedimento sólo ha sido adoptada en una minoría de las jurisdicciones en que se ha estatuido el requisito de notificación. *Municipality—Notice of Injury—Waiver*, 65 A.L.R.2d 1278.

En el caso ante nos, ningún funcionario del municipio hizo al recurrente representación alguna indicativa de que el municipio admitía su responsabilidad, de que no habría necesidad de litigar y que la cuestión de los daños se aten-

dería cuando se determinara su cuantía. En *Tillman* (el tribunal se dividió cuatro a tres), se concluyó que el lesionado fue inducido a no notificar por estas representaciones. En el caso que nos ocupa, por el contrario, el municipio significó elocuentemente una actitud adversativa al radicar su demanda contra el recurrente. Tres de los siete jueces en *Tillman* concluyeron que los funcionarios de un municipio no tienen facultad para obligarlo mediante la renuncia o el impedimento de invocar una defensa estatutoria. Las circunstancias en *Cawthorn* son muy parecidas a las de *Tillman* y, por lo tanto, muy distintas a las del caso ante nos. Contrario a *Tillman* y *Cawthorn*, el tribunal de Nueva York, en *Rudolph* v. *New York*, 77 N.Y.S.2d 788 (1947), dijo que "El propósito del estatuto, obviamente, es proteger al municipio del fraude que surge de reclamaciones viejas y de la posible confabulación de empleados públicos corruptos y, por lo tanto, los requisitos del estatuto sobre notificación no se pueden renunciar."

(6) Es cierto que estamos en libertad de adoptar aquellas normas que conformen mejor con nuestra situación local. Pero la norma adoptada por la gran mayoría de las jurisdicciones en circunstancias similares, y por aquella de donde proviene nuestro estatuto, debe tener valor persuasivo en nosotros.

Nuestro Art. 96 tuvo su origen en la sec. 50e de la Ley Municipal General de Nueva York, *McKinney's Consolidated Law of New York*, libro 23, págs. 97–99, que expresamente contiene una disposición que permite a los tribunales conceder autorización para hacer la notificación aun después de expirado el término de 90 días previa demostración de justa causa para la demora. Es significativo que este inciso no se incorporó a nuestra ley.

Interpretando esa disposición se ha resuelto en Nueva York que el no cumplir con el requisito de notificación dentro del tiempo establecido, hace la reclamación desestimable por

no alegar una causa de acción. Sus requisitos no pueden ser renunciados. La notificación ha de interpretarse estrictamente a los efectos de que es condición previa para poder demandar. *Rudolph* v. *New York*, supra. El conocimiento por el cuerpo municipal, o sus oficiales, del daño, o de los hechos, que se requieren establecer en la notificación, no impide, ni se podrá entender como una renuncia del requisito de notificación. *Broome County* v. *Binghamton Taxicab*, 75 N.Y.S.2d 423 (1947). Véase, además, 40 *New York Jurisprudence*, §§ 1060–1077.

En Nueva York, bajo la sec. 50e de la Ley Municipal General se ha resuelto que el hecho de que sea el municipio el que inicie la acción, no releva a un reconvencionista del requisito de notificación. *County of Nassau* v. *Wolfe*, 273 N.Y.S.2d 984 (1966). Sostiene el Juez Blanco Lugo que tal caso es distinguible al de autos por cuanto en el de Nueva York el municipio inició la acción después de transcurrido el término y que en el de autos ésta fue iniciada por el Municipio de Bayamón a los 52 días de los hechos.

Creemos que en *Wolfe*, las circunstancias ameritaban, con mayor razón que en el que nos ocupa, el haber impedido al municipio de invocar la defensa de la falta de notificación pues el municipio esperó a que venciera el término de notificación para radicar su reclamación y sin embargo se dijo que el reconvencionista no quedaba relevado de notificar su reclamación dentro del término fijado por ley. En el que nos ocupa, por el contrario, el reconvencionista tuvo amplia oportunidad, luego de radicada la demanda del municipio dentro del término prescrito por la notificación de notificar al municipio de sus daños con motivo del accidente en cuestión y no lo hizo.

En el caso de *Broome County*, supra, el Estado inició la acción contra el dueño y el conductor de un vehículo. Ambos reconvencionaron al municipio. Se desestimó porque la notificación que hicieron *en tiempo* no cumplía con los requisitos

establecidos en la sec. 50e. Se dijo allí que el hecho de que la reclamación se interponga por vía de reconvención es inmaterial.

(7) Consideremos ahora los propósitos para los cuales se requiere la notificación, enumerados por el compañero Juez Blanco Lugo, en *Mangual,* supra.

*Primer propósito señalado:* Investigación de hechos que dan origen a la reclamación.

El hecho de que la reclamación contenida en una reconvención compulsoria surja del mismo evento que originó la demanda del adversario, en este caso el Municipio de Bayamón, no implica necesariamente que por ello dicha parte adversa haya podido investigar todos los hechos que giran alrededor de la reclamación alegada por vía de reconvención. La reconvención compulsoria puede levantar cuestiones que haga necesario una investigación ulterior, investigación sobre hechos que posiblemente no tuviera ante sí el municipio demandante al iniciar su acción.

*Segundo propósito:* Desalentar reclamaciones infundadas. La reconvención es una alegación que expone una solicitud de remedio tal como lo es una demanda. Regla 6.1 de Procedimiento Civil. La reconvención contiene una reclamación contra la parte adversa. Regla 11.1 de Procedimiento Civil. De modo que es posible que una reconvención, compulsoria o permisible, contenga una reclamación infundada. Estas reclamaciones infundadas se desalientan por medio de la notificación escrita previamente hecha por el reclamante donde hace constar la fecha, sitio, causa y naturaleza del daño, la cuantía de la compensación o el tipo de remedio que sea adecuado al daño sufrido, los testigos, la dirección del reclamante y el lugar donde primero recibió tratamiento médico.

*Tercer propósito:* Propiciar un pronto arreglo de las reclamaciones. La consecución de este propósito se hubiese facilitado de haber dado el recurrido-recurrente la notificación en cuestión.

*Cuarto propósito:* Permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios.

Es razonable pensar que dicha inspección fue hecha por el municipio demandante como parte de la búsqueda de evidencia que apoyara su caso.

*Quinto propósito:* Descubrir nombres de personas con conocimiento de los hechos y entrevistarlas mientras su recuerdo es confiable.

Esto lo puede conseguir la parte adversa mediante interrogatorios al demandado-reconvencionista. Regla 30 de Procedimiento Civil. La cuestión es que indicando los nombres de personas con conocimiento de los hechos en la notificación previa, el municipio tiene más tiempo para preparar su defensa y estas personas tienen los hechos más frescos en su memoria.

*Sexto propósito:* Permitir oportunamente la provisión de la reserva necesaria en el presupuesto anual.

*Séptimo propósito:* Mitigar el importe de los daños sufridos mediante el oportuno ofrecimiento de tratamiento médico y de facilidades para hospitalizar al perjudicado.

No tenemos duda alguna que estos dos últimos propósitos se hubiesen cumplido mejor y más efectivamente de haber recibido el municipio la notificación requerida del accidente y de los daños sufridos.

(8) Sostiene la opinión mayoritaria que la notificación en cuestión no es un requisito jurisdiccional; que es un elemento esencial de la reclamación del demandante (el reconvencionista en el presente caso) que debe ser alegado y probado, pero que la omisión de alegarlo y probarlo debe ser levantada como cualquier otra defensa no privilegiada; y, por último, que tal cuestión no puede ser levantada por primera vez en apelación como se hizo en el presente caso.

Veamos los casos citados en apoyo de esta conclusión.

En *Heck* v. *City of Knoxville*, 88 N.W.2d 58 (Iowa 1958), se trataba de un estatuto que proveía que las acciones había que radicarlas dentro de determinado tiempo excepto las basadas en daños a la persona o a la propiedad las que deberán radicarse dentro de tres meses de surgir la causa de acción, a menos que se notifique al municipio del suceso dentro de 60 días de haber ocurrido la lesión. Tal estatuto es claramente uno de prescripción y, por lo tanto, la notificación no puede considerarse un requisito jurisdiccional.

Los casos de *City of South Norfolk* v. *Dail*, 47 S.E.2d 405 (Va. 1948) y *Daniel* v. *City of Richmond*, 100 S.E.2d 763 (Va. 1957), son pronunciamientos del mismo tribunal interpretando un estatuto que dispone que no se *"mantendrá ninguna acción en contra de una ciudad basada en daños a persona o propiedad . . . a menos que se notifique a ésta de la naturaleza de la reclamación dentro de 60 días de haber surgido la causa de acción."* (Énfasis nuestro.) Estos casos revocaron la anterior doctrina prevaleciente en el estado de Virginia de que la notificación era un requisito jurisdiccional porque el tribunal en *Dail*, supra, concluyó que tal doctrina era dura e irrazonable y debía modificarse.

En *Hogan* v. *City of Beloit*, 184 N.W. 687 (Wis. 1921), no se resolvió que el requisito de tal notificación no era jurisdiccional. Por el contrario, en dicho caso se concluyó que dicho requisito es una condición precedente al comienzo de la acción y si no se cumple, la acción no puede prosperar. La falta de cumplimiento con el requisito de notificación se alegó en este caso mediante excepción previa la cual se sostuvo.

Por el contrario, en jurisdicciones donde prevalece un estatuto de notificación en lenguaje similar al Art. 96 de la prescriptivo dentro del cual hay que radicar la acción sino Ley Municipal, se ha dicho que no se trata de un período que la notificación es una condición precedente a la radicación de la acción y que el no alegar y probar que se hizo la

notificación es un defecto fatal el cual se puede aducir después de la sentencia. *Galloway* v. *Winchester*, 184 S.W.2d 890 (Ky. 1945); *Thompson* v. *Charleston*, 191 S.E. 547 (W.Va. 1937); *Thompson* v. *Chattanooga*, 226 S.W. 184 (Tenn. 1920); *Berry* v. *City of Helena*, 182 Pac. 117 (Mont. 1919).

En el estado de Nueva York, de donde copiamos el Art. 96 de la Ley Municipal, su más alto tribunal ha dicho que el lenguaje del estatuto no provee una mera defensa a la ciudad sino que se trata de una condición precedente que prohibe toda acción hasta que la notificación se haya hecho; que no le provee una defensa a la ciudad que depende de ser invocada sino que expresamente prohibe la iniciación de acción alguna hasta que se haya cumplido con el requisito preliminar de notificación. Dictaminó dicho tribunal, además, que el no cumplimiento con dicho requisito puede levantarse en cualquier etapa del procedimiento. *Reinig* v. *City of Buffalo,* 6 N.E. 792 (N.Y. 1886). Véase, además, *McLean* v. *City of Spirit Lake*, 430 P.2d 670 (Idaho 1967).

De lo expuesto resulta obvio que ni el lenguaje del Art. 96 de la Ley Municipal ni su propósito son análogos a la defensa de prescripción de acciones o de cualquier otra defensa general o especial sujetas a condiciones subsiguientes a la iniciación de la causa de acción y que son susceptibles de no invocarse y hasta de renunciarse expresa o implícitamente. Bajo el supuesto del referido Art. 96 al disponer que "No podrá iniciarse acción judicial de clase alguna . . . si no se hubiese efectuado la notificación . . ." el requisito de notificación es, sin lugar a dudas, una condición precedente, un requisito esencial, sin el cumplimiento del cual no puede responsabilizarse al municipio ni iniciarse acción alguna en su contra en los casos de reclamaciones por daños a personas o propiedades. De ahí que concluya, contrario al criterio de la mayoría, que el incumplimiento del requisito de notificación puede aducirse por primera vez en apelación pues necesariamente es un requisito jurisdiccional.

En vista de lo expuesto creo que hemos debido confirmar el dictamen del tribunal de instancia que desestimó la reconvención en este caso por haberse radicado luego de expirado el término prescrito por el Art. 96 de la Ley Municipal.