ROBERTO TOLEDO DELGADO ET ALS., recurridos, *v.* MUNICIPIO DE PONCE ET ALS., peticionarios.

*Número:* CC-2015-0320      *Resuelto:* 22 de abril de 2016

*Yaritza del C. Hernández Bonet*, abogada de la parte peticionaria; *Héctor Fuertes Romeu*, abogado de la parte recurrida.

## SENTENCIA

*Se confirma la Sentencia recurrida en cuanto a que el Art. 15.003 de la Ley Núm. 81-1991, conocida como Ley de Municipios Autónomos del Estado Libre Asociado de 1991 (21 LPRA sec. 4703), no aplicaba a los recurridos menores de edad, conforme a lo dispuesto en Rivera Serrano v. Mun. de Guaynabo, 191 DPR 679 (2014). No obstante, se revoca el dictamen impugnado en cuanto a los demás recurridos, por falta de notificación al municipio. Art. 15.003 de la Ley Núm. 81, supra.*

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada Señora Pabón Charneco emitió una opinión de conformidad, a la cual se unieron el Juez Asociado Señor Kolthoff Caraballo y el Juez Asociado Señor Rivera García. El Juez Asociado Señor Estrella Martínez disintió sin opinión escrita.

(*Fdo.*) Juan Ernesto Dávila Rivera
*Secretario del Tribunal Supremo*

— O —

Opinión de conformidad emitida por la Jueza Asociada Señora Pabón Charneco, a la cual se unen el Juez Asociado Señor Kolthoff Caraballo y el Juez Asociado Señor Rivera García.

El Municipio Autónomo de Ponce (Municipio) solicita la revisión de una Sentencia del Tribunal de Apelaciones. Me-

diante esta el Tribunal de Apelaciones revocó un dictamen del Tribunal de Primera Instancia y concluyó que no aplicaba el requisito de notificación a la Alcaldesa dispuesto en el Art. 15.003 de la Ley Núm. 81-1991, conocida como Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (21 LPRA sec. 4703).

Por lo tanto, es menester determinar si, dadas las circunstancias del caso de autos, se justificaba obviar el requisito de notificación establecido en el Art. 15.003, *supra.*

I

El 10 de enero de 2014, los recurridos[1] presentaron una Demanda por daños y perjuicios contra el Estado, el Municipio e Integrand Assurance Company. Alegaron que el 13 de enero de 2013 se encontraban en el área de La Guancha del Municipio. Indicaron que a eso de las 10:00 p. m. sostuvieron un altercado con otras personas, entre ellas el Sr. Ángel Montalvo Santiago, quien sacó un arma de fuego y mató al Sr. Roberto Toledo Echevarría. Siete personas resultaron heridas, entre ellas dos de los recurridos: el Sr. Gabriel Toledo Echevarría y el Sr. Roberto Toledo Torres. Entre otros extremos, alegaron que el Municipio era responsable por los daños sufridos, puesto que no proveyó la seguridad adecuada.

Tras la presentación de una Moción de Sentencia Sumaria por Integrand Assurance Company y una Moción de Desestimación por el Estado, así como la oportuna oposición de los recurridos a ambas mociones, el Tribunal de

---

[1] Los recurridos son: Roberto Toledo Delgado, Gabriel Toledo Echevarría, Roberto Toledo Torres, Marcial Echevarría, Xiomara Rosado Echevarría, Isamar Portalatín Morales (en representación de sus hijos menores Rubén Alexis, Lyanicebeth y Roberto Dariel, todos de apellidos Toledo Portalatín), y Milagros María Rivera Meléndez (por sí y en representación de sus hijos menores de edad, Adrián y Ariana Camila, ambos de apellidos Toledo Rivera).

Primera Instancia desestimó la causa de acción contra ambos codemandados.([2])

Por otro lado, el 2 de octubre de 2014, el Municipio presentó una Moción Solicitando Desestimación por Falta de Notificación. Sostuvo que los recurridos incumplieron con la notificación requerida por el Art. 15.003, *supra*. Por su parte, los recurridos se opusieron a esta solicitud. Sostuvieron que no cumplieron con el requisito de notificación, pero que existe justa causa y circunstancias excepcionales que no les permitió llevarla a cabo. Indicaron que dos de los recurridos habían recibido heridas de bala, por lo que estuvieron recluidos y recibiendo terapias por cierto periodo de tiempo. Asimismo, temían por su seguridad y fueron testigos protegidos por el Estado. Esto también imposibilitó la comunicación con los demás recurridos. Hacen notar que entre los recurridos se encuentran cinco menores de edad. De igual forma, arguyen que el incidente fue difundido por los medios noticiosos e investigado por la Policía Municipal, la Policía de Puerto Rico y el Departamento de Justicia, por lo que el Municipio tenía conocimiento de los hechos y no sufrió perjuicio alguno.

Evaluada la posición de ambas partes, el Tribunal de Primera Instancia desestimó la Demanda por incumplimiento con el requisito de notificación el 6 de noviembre de 2014.([3]) Así las cosas, los recurridos acudieron ante el Tribunal de Apelaciones. Adujeron que presentaron justa causa demostrativa de circunstancias excepcionales, mientras que el Municipio sostuvo que la investigación por parte de la Policía incumplió el Art. 15.003 de la Ley Núm. 81, *supra*. Finalmente, el 9 de febrero de 2015 el Tribunal

---

([2]) Mediante Sentencia Parcial de 15 de julio de 2014, notificada el 29 de julio de 2014, el foro primario desestimó la causa de acción contra Integrand Assurance Company. En cuanto al Estado, el Tribunal de Primera Instancia desestimó la Demanda en su contra el 16 de julio de 2014, notificada el 29 de julio de 2014. Esto por no exponer una causa de acción contra el Estado y no haberle notificado conforme lo dispone el Art. 2A de la Ley Núm. 104 de 29 de junio de 1955, según enmendada, conocida como Ley de Pleitos contra el Estado, 32 LPRA sec. 3077a.

([3]) La Sentencia fue notificada el 10 de noviembre de 2014.

de Apelaciones emitió Sentencia en la que revocó la Sentencia apelada tras concluir que no aplicaba este artículo, pues cuando la Policía Municipal investigó la situación, era mínimo el peligro de que desapareciera la prueba de la alegada negligencia del Municipio.([4])

Inconforme, el Municipio acude ante nos y señala el error siguiente:

> Erró el Tribunal de Apelaciones al no desestimar la presente acción contra el Municipio de Ponce por entender que la parte demandante tiene justa causa para no haber notificado al Municipio de Ponce dentro del término de 90 días de haber ocurrido los hechos. (Énfasis suprimido). Petición de *certiorari*, pág. 5.

Examinado el recurso, expedimos el auto solicitado el 26 de junio de 2015.

## II

El Art. 15.003 de la Ley Núm. 81, *supra*, establece que toda reclamación contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá notificarse por escrito al alcalde en el término de noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños. *Rivera Fernández v. Mun. Carolina*, 190 DPR 196 (2014). Asimismo, indica la forma, la manera y el contenido de la notificación. Este requisito es de cumplimiento estricto y debe ser aplicado de manera rigurosa por lo que no puede iniciarse la acción judicial hasta que se cumpla con la notificación escrita señalada. *Acevedo v. Mun. de Aguadilla*, 153 DPR 788, 798 (2001); *Mangual v. Tribunal Superior*, 88 DPR 491, 494 (1963).

---

([4]) El 4 de marzo de 2015, el Municipio presentó la Solicitud de Reconsideración ante el Tribunal de Apelaciones, que fue declarada "no ha lugar" el 10 de marzo de 2015.

El requisito de notificación persigue los *fines públicos específicos* de proteger a los municipios de acciones ajenas a su conocimiento. Así, hemos identificado los propósitos siguientes:

"1-proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2-desalentar las reclamaciones infundadas; 3-propiciar un pronto arreglo de las mismas; 4-permitir la inspec[c]ión inmediata del lugar del accidente antes de que ocurran cambios; 5-descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6-advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7-mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado". *Acevedo v. Mun. de Aguadilla*, supra, pág. 799, citando a *Mangual v. Tribunal Superior*, supra, pág. 494.

Cabe señalar que el Art. 15.003 de la Ley Núm. 81, *supra*, también contempla dos situaciones particulares. Primero, la situación en la que el reclamante esté mental o físicamente imposibilitado de hacer la reclamación en el término de noventa días. En esos casos, le concede al reclamante un término de treinta días siguientes a la fecha cuando cesa la incapacidad para notificar al municipio. Sin embargo, no lo libera de su cumplimiento. Segundo, con relación a los menores de edad, la Ley establece que los padres o tutores de un menor tienen la obligación primaria de cumplir con el requisito de notificación. Asimismo, ante la inacción de los padres o tutores, el menor puede cumplir con la notificación en el término prescrito por su propia iniciativa. *Rivera Serrano v. Mun. de Guaynabo*, 191 DPR 679, 689 (2014). Sin embargo, hemos interpretado que la falta de notificación en el término de noventa (90) días al municipio por parte de los padres o tutores, o incluso del menor durante su minoridad, no invalida el derecho del menor a demandar. Íd.

No obstante, conscientes de que en determinados casos la notificación no cumple el propósito de proteger los intereses públicos, *"se han permitido excepciones en circunstancias donde el esquema legislativo carece de virtualidad, propósito u objetivo y donde jurídicamente no hay razón para aplicarlo"*. (Énfasis en el original). *Acevedo v. Mun. de Aguadilla*, supra, pág. 799. Así, hemos indicado que aquellos casos " 'donde el riesgo de que la prueba objetiva pueda desaparecer es mínimo, donde hay constancia efectiva de la identidad de los testigos y donde el Estado, por tanto, puede fácilmente investigar y corroborar los hechos alegados en la demanda que se radique— no es de aplicación inexorable' el requisito de notificación previa". *Acevedo v. Mun. de Aguadilla*, supra, pág. 800, citando a *Meléndez Gutiérrez v. E.L.A.*, 113 DPR 811, 815 (1982).[5] Esto, sin embargo, no ha tenido el efecto de derogar ese requisito estatutario, pues esa acción le compete a nuestra Asamblea Legislativa. *Acevedo v. Mun. de Aguadilla*, supra, pág. 800; *Berríos Román v. E.L.A.*, 171 DPR 549 (2007).

## III

Es contención del Municipio que incidió el Tribunal de Apelaciones al revocar la determinación del foro de instancia, pues, entre otras cosas, la investigación que haya rea-

---

[5] En *Toro Rivera et als. v. ELA et al.*, 194 DPR 393, 412 (2015), resumimos las instancias en las que nos hemos negado a exigir la notificación de forma automática con relación a la Ley Núm. 104, *supra*, y hemos excusado del fiel cumplimiento del requisito de notificación, a saber, "cuando: (1) la defensa de falta de notificación es renunciada por el Estado; (2) el funcionario a quien se ha de notificar y contra el cual se dirige la acción es el mismo, por lo que posee conocimiento personal sobre los hechos; (3) el riesgo de que la prueba objetiva desaparezca es mínimo y el Estado puede corroborarla fácilmente; (4) se entabla una acción directa contra la aseguradora; (5) una parte presenta una reconvención compulsoria, luego de que la entidad estatal inicia una acción en su contra en el término dispuesto en ley para notificar; (6) la parte ha demandado y diligenciado el emplazamiento en los noventa días que requiere la ley para notificar, y (7) la tardanza no es imputable al demandante y torna inútil la notificación". (Escolios omitidos). La Ley Núm. 104, *supra*, es una legislación análoga que contiene disposiciones similares sobre notificación previa. *Rivera Fernández v. Mun. Carolina*, 190 DPR 196, 206–207 (2014); *Méndez et al. v. Alcalde de Aguadilla*, 151 DPR 853 (2000).

lizado la Policía Municipal o la difusión por los medios noticiosos de los hechos incumple el Art. 15.003 de la Ley Núm. 81, *supra*. Sostiene que los recurridos no alegaron ni evidenciaron su incapacidad. Arguye que aun dando por bueno el planteamiento de estos, tampoco notificaron al Municipio tras el cese de la circunstancia especial, y por último, no probaron ni evidenciaron qué relación existe entre el temor por su seguridad y enviar una carta a la Alcaldesa por correo certificado o mensajero.

Por otro lado, los recurridos sostienen que existen circunstancias especiales para eximirles del requisito de notificación. Indican que los intereses del Municipio estaban protegido, ya que los hechos fueron ampliamente investigados por su policía municipal; que el expediente criminal se encuentra disponible en el Centro Judicial, Sala Superior de Ponce, que incluye a funcionarios del Municipio como testigos de cargo, y que dos de los recurridos se encontraban bajo protección del Estado, por lo que esta situación limitó significativamente su comunicación con los demás miembros de la familia.

No existe controversia en cuanto a que ninguno de los recurridos notificó al Municipio (por conducto de su Alcaldesa) de su reclamación por daños personales o a la propiedad, ocasionados por la culpa o negligencia de este, en el término de noventa días siguientes a la fecha en que supieron de los daños, o en el término de treinta días siguientes a la fecha cuando cesara la incapacidad de alguno de ellos.

Conforme reseñáramos previamente, es condición previa para presentar una acción de daños y perjuicios contra un Municipio cumplir con el requisito de notificación dispuesto en el Art. 15.003 de la Ley Núm. 81, *supra*. Este requisito es de estricto cumplimiento y debe ser aplicado de manera rigurosa.

Solamente en circunstancias excepcionales, se puede eximir al reclamante de notificar al municipio de su causa de acción para evitar la aplicación extrema de este requerimiento. Este caso no es uno de ellos. El requisito de

notificación no carece de propósito en la situación de autos. Por el contrario, los recurridos pretenden extender el conocimiento del pleito criminal o de la cobertura noticiosa al Municipio lo que al final de cuentas haría inoperante el Art. 15.003 de la Ley Núm. 81, *supra*. No obstante, conforme expresáramos en *Rivera Serrano v. Mun. de Guaynabo*, supra, no podemos castigar a los recurridos menores de edad por la falta de sus padres o tutores en notificar al Municipio en el término de noventa días.

## IV

Por los fundamentos expuestos anteriormente, procede que se revoque parcialmente la Sentencia recurrida. Aunque no aplique el Art. 15.003 de la Ley Núm. 81, *supra*, a los recurridos menores de edad, erró el Tribunal de Apelaciones al revocar la Sentencia del Tribunal de Primera Instancia en cuanto a los recurridos mayores de edad.