EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Roberto Toledo Delgado, et als. Recurridos v. Municipio de Ponce, et als. Peticionario | Certiorari 2016 TSPR 72 195 DPR ____ |
|---|---|

Número del Caso: CC-2015-320

Fecha: 22 de abril de 2016

Tribunal de Apelaciones:

Región Judicial de Ponce-Humacao, Panel VII

Abogada de la Parte Peticionaria:

Lcda. Yaritza Del C. Hernández Bonet

Abogado de la Parte Recurrida:

Lcdo. Héctor Fuertes Romeu

Materia: Sentencia del Tribunal con Opinión de Conformidad.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Roberto Toledo Delgado, et als.<br><br>Recurridos<br><br>v.<br><br>Municipio de Ponce, et als.<br><br>Peticionario | CC-2015-0320 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico, a 22 de abril de 2016.

Se confirma la Sentencia recurrida en cuanto no era de aplicación a los recurridos menores de edad el Artículo 15.003 de la Ley Núm. 81-1991, conocida como "Ley de Municipios Autónomos del Estado Libre Asociado de 1991", 21 LPRA sec. 4703, conforme a lo dispuesto en *Rivera Serrano v. Mun. De Guaynabo*, 191 DPR 679 (2014). No obstante, se revoca el dictamen impugnado en cuanto a los demás recurridos por falta de notificación al municipio. Artículo 15.003 de la Ley Núm. 81, *supra*.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco emitió una Opinión de Conformidad a la cual se unen el Juez Asociado señor Kolthoff Caraballo y el Juez Asociado señor Rivera García. El Juez Asociado señor Estrella Martínez disiente sin Opinión Escrita.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Roberto Toledo Delgado, et als. | | |
|---|---|---|
| Recurridos | | *Certiorari* |
| v. | CC-2015-0320 | |
| Municipio de Ponce, et als. | | |
| Peticionario | | |

Opinión de conformidad emitida por la Jueza Asociada Señora Pabón Charneco a la cual se unen el Juez Asociado señor Kolthoff Caraballo y el Juez Asociado señor Rivera García

En San Juan, Puerto Rico, a 22 de abril de 2016.

El Municipio Autónomo de Ponce (Municipio) solicita la revisión de una Sentencia del Tribunal de Apelaciones. Mediante esta el Tribunal de Apelaciones revocó un dictamen del Tribunal de Primera Instancia y concluyó que no era de aplicación el requisito de notificación a la Alcaldesa dispuesto en el Artículo 15.003 de la Ley Núm. 81-1991, conocida como "Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991", 21 LPRA sec. 4703.

Por lo tanto, es menester determinar si, dadas las circunstancias del caso de autos, se justificaba obviar el requisito de notificación establecido en el Artículo 15.003, *supra*.

I

El 10 de enero de 2014, los recurridos[1] presentaron una Demanda por daños y perjuicios contra el Estado, el Municipio Autónomo de Ponce e Integrand Assurance Company. Alegaron que el 13 de enero de 2013 se encontraban en el área de La Guancha del Municipio de Ponce. Indicaron que a eso de las 10:00 p.m. sostuvieron un altercado con otras personas, entre ellas el Sr. Ángel Montalvo Santiago, quien sacó un arma de fuego y mató al Sr. Roberto Toledo Echevarría. Siete personas resultaron heridas, entre ellas dos de los recurridos: el Sr. Gabriel Toledo Echevarría y el Sr. Roberto Toledo Torres. Entre otros extremos, alegaron que el Municipio Autónomo de Ponce era responsable por los daños sufridos puesto que no proveyó la seguridad adecuada.

Tras la presentación de una Moción de Sentencia Sumaria por Integrand Assurance Company y una Moción de Desestimación por el Estado, así como las oportuna oposición de los recurridos a ambas mociones, el Tribunal de Primera Instancia desestimó la causa de acción contra ambos codemandados.[2]

---

[1] Los recurridos son: Roberto Toledo Delgado, Gabriel Toledo Echevarría, Roberto Toledo Torres, Marcial Echevarría, Xiomara Rosado Echevarría, Isamar Portalatín Morales en representación de sus hijos menores Rubén Alexis, Lyaniceneth y Roberto Dariel, todos de apellido Toledo Portalatín, Milagros María Rivera Meléndez, por sí y en representación de sus hijos menores de edad, Adrián y Ariana Camila, ambos de apellidos Toledo Rivera.

[2] Mediante Sentencia Parcial de 15 de julio de 2014, notificada el 29 de julio de 2014, el foro primario desestimó la causa de acción contra

Por otro lado, el 2 de octubre de 2014, el Municipio presentó una *Moción Solicitando Desestimación Por Falta de Notificación*. Sostuvo que los recurridos incumplieron con la notificación requerida por el Artículo 15.003, *supra*. Por su parte, los recurridos se opusieron a esta solicitud. Sostuvieron que no cumplieron con el requisito de notificación, pero que existe justa causa y circunstancias excepcionales que no les permitió llevarla a cabo. Indicaron que dos de los recurridos habían recibido heridas de bala por lo que estuvieron recluidos y recibiendo terapias por cierto periodo de tiempo. Asimismo, temían por su seguridad y fueron testigos protegidos por el Estado. Esto también imposibilitó la comunicación con los demás recurridos. Hacen notar que entre los recurridos se encuentran cinco menores de edad. De igual forma, arguyen que el incidente fue difundido por los medios noticiosos e investigado por la Policía Municipal, la Policía de Puerto Rico y el Departamento de Justicia por lo que el Municipio tenía conocimiento de los hechos y no sufrió perjuicio alguno.

Evaluada la posición de ambas partes, el Tribunal de Primera Instancia desestimó la Demanda por incumplimiento con el requisito de notificación el 6 de noviembre de

---

Integrand Assurance Company. En cuanto al Estado, el Tribunal de Primera Instancia desestimó la Demanda en su contra el 16 de julio de 2014, notificada el 29 de julio de 2014. Esto por no exponer una causa de acción contra el Estado y no haberle notificado conforme dispone la Ley Núm. 104 de 29 de junio de 1955, según enmendada, conocida como "Ley de Pleitos contra el Estado", 32 LPRA sec. 3077a.

2014.[3] Así las cosas, los recurridos acudieron ante el Tribunal de Apelaciones. Adujeron que presentaron justa causa demostrativa de circunstancias excepcionales, mientras que el Municipio sostuvo que la investigación por parte de la Policía no cumplió con el Artículo 15.003 de la Ley Núm. 81, *supra*. Finalmente, el 9 de febrero de 2015 el Tribunal de Apelaciones emitió Sentencia en la que revocó la Sentencia apelada tras concluir que no era de aplicación el Artículo 15.003, *supra*, pues al haber sido investigada la situación por la Policía Municipal, era mínimo el peligro de que desapareciera la prueba de la alegada negligencia del Municipio.[4]

Inconforme, el Municipio acude ante nos y señala el error siguiente:

> Erró el Tribunal de Apelaciones al no desestimar la presente acción contra el Municipio de Ponce por entender que la parte demandante tiene justa causa para no haber notificado al Municipio de Ponce dentro del término de 90 días de haber ocurrido los hechos.

Examinado el recurso, expedimos el auto solicitado el 26 de junio de 2015.

II

El Art. 15.003 de la Ley Núm. 81, *supra*, establece que toda reclamación contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá notificarse por escrito al alcalde en el

---

[3] La Sentencia fue notificada el 10 de noviembre de 2014.

[4] El 4 de marzo de 2015, el Municipio presentó *Solicitud de Reconsideración* ante el Tribunal de Apelaciones. La misma fue declarada no ha lugar el 10 de marzo de 2015.

término de noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños. *Rivera Fernández v. Mun. Carolina*, 190 DPR 196 (2014). Asimismo, indica la forma, manera y contenido de la notificación. Este requisito es de cumplimiento estricto y debe ser aplicado de manera rigurosa por lo que no puede iniciarse la acción judicial hasta que se cumpla con la notificación escrita señalada. *Acevedo v. Mun. de Aguadilla*, 153 DPR 788, 798 (2001); *Mangual v. Tribunal Superior*, 88 DPR 491, 494 (1963).

El requisito de notificación persigue unos *fines públicos específicos* de proteger a los municipios de acciones ajenas a su conocimiento. Así, hemos identificado los propósitos siguientes:

> 1—proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2—desalentar las reclamaciones infundadas; 3—propiciar un pronto arreglo de las mismas; 4—permitir la inspec[c]ión inmediata del lugar del accidente antes de que ocurran cambios; 5—descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6—advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7—mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. *Acevedo v. Mun. de Aguadilla*, supra, pág. 799, citando a *Mangual v. Tribunal Superior*, supra, pág. 494.

Cabe señalar que el Artículo 15.003 de la Ley Núm. 81, *supra*, también contempla dos situaciones particulares. Primero, la situación en que el reclamante esté mental o

físicamente imposibilitado de hacer la reclamación dentro del término de noventa días. En esos casos, le concede al reclamante un término de treinta días siguientes a la fecha en que cesa la incapacidad para notificar al municipio. Sin embargo, no lo libera de su cumplimiento. Segundo, con relación a los menores de edad la Ley establece que los padres o tutores de un menor tienen la obligación primaria de cumplir con el requisito de notificación. Asimismo, ante la inacción de los padres o tutores, el menor puede cumplir con la notificación dentro del término prescrito por su propia iniciativa. *Rivera Serrano v. Mun. de Guaynabo*, 191 DPR 679, 689 (2014). Sin embargo, hemos interpretado que la falta de notificación dentro del término de noventa (90) días al municipio por parte de los padres o tutores, o inclusive del menor durante su minoridad, no invalida el derecho del menor a demandar. *Id*.

No obstante, conscientes de que en determinados casos la notificación no cumple el propósito de proteger los intereses públicos "*se han permitido excepciones en circunstancias donde el esquema legislativo carece de virtualidad, propósito u objetivo y donde jurídicamente no hay razón para aplicarlo*". *Acevedo v. Mun. de Aguadilla*, *supra*, pág. 799. Así, hemos indicado que aquellos casos '"donde el riesgo de que la prueba objetiva pueda desaparecer es mínimo, donde hay constancia efectiva de la identidad de los testigos y donde el Estado, por tanto, puede fácilmente investigar y corroborar los hechos

alegados en la demanda que se radique— no es de aplicación inexorable" el requisito de notificación previa'. *Acevedo v. Mun. de Aguadilla*, *supra*, pág. 800, citando a *Meléndez Gutiérrez v. E.L.A.*, 113 DPR 811, 815 (1982).[5] Esto, sin embargo, no ha tenido el efecto de derogar dicho requisito estatutario, pues esa acción le compete a nuestra Asamblea Legislativa. *Acevedo v. Mun. de Aguadilla*, *supra*, pág. 800; *Berríos Román v. E.L.A.,* 171 DPR 549 (2007)*.*

III

Es contención del Municipio que incidió el Tribunal de Apelaciones al revocar la determinación del foro de instancia, pues, entre otras cosas, la investigación que haya realizado la Policía Municipal o la difusión por los medios noticiosos de los hechos no cumple con el Artículo 15.003 de la Ley Núm. 81, *supra*. Sostiene que los recurridos no alegaron ni evidenciaron su incapacidad. Arguye que aún dando por bueno el planteamiento de estos, tampoco notificaron al Municipio tras el cese de la

---

[5] En *Toro Rivera et als. v. ELA et al.*, 194 DPR __ (2015), res. el 23 de diciembre de 2015, resumimos las instancias en las que nos hemos negado a exigir la notificación de forma automática con relación a la Ley Núm. 104, *supra*, y hemos excusado del fiel cumplimiento del requisito de notificación, a saber, [cuando: 1) la defensa de falta de notificación es renunciada por el Estado; 2) el funcionario a notificar y contra el cual se dirige la acción es el mismo, por lo que posee conocimiento personal sobre los hechos; 3) el riesgo de que la prueba objetiva desaparezca es mínimo y el Estado puede corroborarla fácilmente; 4) se entabla una acción directa contra la aseguradora; 5) una parte presenta una reconvención compulsoria, luego de que la entidad estatal inicia una acción en su contra dentro del término dispuesto en ley para notificar; 6) la parte ha demandado y diligenciado el emplazamiento dentro de los noventa días que requiere la ley para notificar; y 7) la tardanza no es imputable al demandante y torna inútil la notificación". La Ley Núm. 104, *supra*, es una legislación análoga que contiene disposiciones similares sobre notificación previa. *Rivera Fernández v. Mun. Carolina*, 190 DPR 196, 206-207 (2014); *Méndez et al. v. Alcalde de Aguadilla*, 151 DPR 853 (2000).

circunstancia especial, y por último, no probaron ni evidenciaron qué relación existe entre el temor por su seguridad y enviar una carta a la Alcaldesa por correo certificado y/o mensajero.

Por otro lado, los recurridos sostienen que existen circunstancias especiales para eximirles del requisito de notificación. Indican que los intereses del Municipio estaban protegidos ya que los hechos fueron ampliamente investigados por su policía municipal; que el expediente criminal se encuentra disponible en el Centro Judicial, Sala Superior de Ponce, que incluye a funcionarios del Municipio como testigos de cargo; y que dos de los recurridos se encontraban bajo protección del Estado por lo que esta situación limitó significativamente su comunicación con los demás miembros de la familia.

No existe controversia en cuanto a que ninguno de los recurridos notificó al Municipio (por conducto de su Alcaldesa) de su reclamación por daños personales o a la propiedad, ocasionados por la culpa o negligencia del mismo, dentro del término de noventa días siguientes a la fecha en que tuvieron conocimiento de los daños, o dentro del término de treinta días siguientes a la fecha en que cesara la incapacidad de alguno de ellos.

Conforme reseñáramos previamente, es condición previa para presentar una acción de daños y perjuicios contra un Municipio cumplir con el requisito de notificación dispuesto en el Artículo 15.003 de la Ley Núm. 81, *supra*.

Este requisito es de estricto cumplimiento y debe ser aplicado de manera rigurosa.

Solamente en circunstancias excepcionales, se puede eximir al reclamante de notificar al municipio de su causa de acción para evitar la aplicación extrema de este requerimiento. Este caso no es uno de ellos. El requisito de notificación no carece de propósito en la situación de autos. Por el contrario, los recurridos pretenden extender el conocimiento del pleito criminal o de la cobertura noticiosa al Municipio lo que al final de cuentas haría inoperante el Artículo 15.003 de la Ley Núm. 81, *supra*. No obstante, conforme expresáramos en *Rivera Serrano v. Mun. de Guaynabo*, *supra*, no podemos castigar a los recurridos menores de edad por la falta de sus padres o tutores en notificar al Municipio dentro del término de noventa días.

IV

Por los fundamentos expuestos anteriormente, procede que se revoque parcialmente la Sentencia recurrida. Aunque no era de aplicación el Artículo 15.003 de la Ley Núm. 81, *supra*, a los recurridos menores de edad, erró el Tribunal de Apelaciones al revocar la Sentencia del Tribunal de Primera Instancia en cuanto a los recurridos mayores de edad.

Mildred G. Pabón Charneco
Jueza Asociada