Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE
PANEL X

| | | |
|---|---|---|
| ASHLEY A. DERIEUX OTERO<br><br>Recurrida<br><br>V.<br><br>MUNICIPIO DE YAUCO Y OTROS<br><br>Peticionario | KLCE202300959 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2020CV00515<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

El 31 de agosto de 2023, compareció ante este Tribunal de Apelaciones, el Municipio de Yauco (en adelante, parte peticionaria o Municipio), mediante escrito intitulado *Petición de Certiorari.* Por medio de este, nos solicita que revisemos la *Resolución sobre Desestimación,* emitida el 24 de julio de 2023 y notificada el 1 de agosto de 2023, por el Tribunal de Primera Instancia, Sala Superior de Ponce. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción de Desestimación* presentada por el Municipio y ordenó la continuación de los procedimientos.

Por los fundamentos que se exponen a continuación, se expide el recurso de *Certiorari,* se revoca la *Resolución sobre Desestimación* instada por el foro de primera instancia y se desestima la Demanda por falta de notificación al Municipio.

Número Identificador

SEN2023 _____

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* sobre daños y perjuicios, presentada el 23 de marzo de 2020, por Ashley A. Derieux Otero (en adelante parte recurrida o señora Derieux Otero), contra el Municipio de Yauco y otros. Alegó la parte recurrida que, el 24 de marzo de 2019, mientras se encontraba caminando por una de las aceras del Municipio, sufrió una aparatosa caída, debido a una condición de riesgo que existía en el sistema de desagüe pluvial. Acotó que, ello provocó que sufriera múltiples traumas corporales, por lo cual, recibió atención médica de emergencia y fue sometida a tratamiento médico. En esencia, la parte recurrida reclamó una cantidad no menor de cien mil dólares ($100,000.00) por los daños alegadamente sufridos y reclamados en la *Demanda*.

Acaecidas varias incidencias procesales, innecesarias pormenorizar, el 13 de diciembre de 2020, la parte peticionaria presentó su *Contestación a Demanda.* En esta, levantó como defensa afirmativa que la señora Derieux Otero no cumplió con el requerimiento de notificación al Municipio en la forma, manera y en el plazo de caducidad establecido por la Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991, según enmendada, 21 LPRA secs. 4602 *et seq.*[1]

El 18 de marzo de 2021, la parte recurrida presentó la *Demanda Enmendada* a los fines de incluir a MAPFRE Praico Insurance Company (en adelante, MAPFRE), como compañía de seguros del Municipio. A tales efectos, el 12 de abril de 2021, el Municipio presentó la *Contestación a Demanda Enmendada*, en la cual, reiteró la defensa de falta de notificación adecuada, conforme

---

[1] El derecho aplicable en el caso de epígrafe se remite a la Ley de Municipios Autónomos, *supra*, puesto que, los hechos que dan base a esta tuvieron su lugar antes de la aprobación del Código Municipal de Puerto Rico, Ley Núm. 107 de 14 de agosto de 2020, según enmendada, 21 LPRA sec. 7001 *et seq.*

al Art. 15.003 de la Ley de Municipios Autónomos, 21 LPRA sec. 4703.

Posteriormente, el 30 de septiembre de 2021, la parte peticionaria presentó ante el foro *a quo Moción de Desestimación.* En la misma alegó que, durante el descubrimiento de prueba, la parte recurrida no proveyó evidencia de haber cumplido con el requisito de notificación previa al alcalde del Municipio, dentro de los noventa (90) días siguientes a la ocurrencia de la caída.

En respuesta, el 22 de octubre de 2021, la parte recurrida presentó la *Moción en Oposición a Desestimación.* Entre sus argumentos, arguyó que el término que establece la Ley de Municipios Autónomos, *supra,* era de estricto cumplimiento; y que, previo a la *Demanda,* cursó al Municipio una notificación extrajudicial, mediante correo electrónico, sobre la reclamación en su contra. Cabe mencionar que, dicha notificación se llevó a cabo el 27 de septiembre de 2019[2], luego de transcurridos los noventa (90) días dispuestos en el Art. 15.003 de la precitada ley.

El 22 de noviembre de 2021, la parte peticionaria presentó la *Réplica a Oposición a Moción de Desestimación* y, sostuvo que, si bien la parte recurrida alegó que notificó extrajudicialmente al Municipio, esta no lo hizo conforme a derecho. Pues, además de no mostrar justa causa para la tardanza, apuntó que, aunque la Ley de Municipios Autónomos, *supra,* permite la notificación mediante otra "forma fehaciente reconocida en derecho"[3], la notificación mediante correo electrónico no tenía la presunción *juris tantum* que tiene un correo certificado por carta de que se recibió. Por lo que, razonó que el medio utilizado no era confiable ni admisible conforme a la Regla 901 de Evidencia, *infra,* ni a la ley aplicable al caso de autos.

---

[2] La carta adjunta al correo electrónico tiene fecha del 25 de septiembre de 2019.
[3] 21 LPRA sec. 4703.

En cuanto a lo anterior, el 1 de diciembre de 2021, la parte recurrida presentó la *Dúplica a Réplica Moción en Oposición a Desestimación*. Acotó, por primera vez que, la razón de la tardanza se debió a que la señora Derieux Otero se encontraba incapacitada a consecuencia de la caída, lo que le impedía diligenciar la notificación "dentro de los treinta (30) días siguientes a la fecha en que ces[ara] la incapacidad", según contemplaba el Art. 15.003, *supra*, en dichos casos.

El 9 de diciembre de 2021, la parte peticionaria radicó la *Tríplica del Municipio de Yauco a Dúplica a Réplica a Oposición a Moción de Desestimación*. En lo pertinente, adujo que, el argumento de la justa causa para la tardanza no fue planteado por la parte recurrida en la *Moción en Oposición a Desestimación*, sino que constituía un planteamiento nuevo. Señaló, además, que la jurisprudencia no sustentaba el argumento de la parte recurrida, toda vez que, nuestro Máximo Foro en *Berríos Román v. ELA*, 171 DPR 549 (2007), había expresado que el mero hecho de tener una condición de salud, por sí solo, no constituía una de las circunstancias excepcionales que justificaban eximir a un reclamante de notificar al Estado (en este caso, al Municipio).

En igual fecha, la parte recurrida presentó la *Moción en Respuesta a Tríplica del Municipio de Yauco*, en la cual, reafirmó su posición respecto a que la señora Derieux Otero estaba incapacitada, por lo que, le era de aplicación el término de treinta (30) días antes dispuesto.

Tras varios incidentes procesales, el 20 de enero de 2023, la parte peticionaria interpuso una *Moción Reiterando Solicitud de Desestimación*, en la cual, reiteró los argumentos vertidos en su moción dispositiva. De igual manera, el 25 de enero de 2023, la parte recurrida presentó la *Moción Reiterando Oposición a Desestimación*.

Luego de analizar los argumentos de las partes, y de varios trámites de rigor, el Tribunal de Primera Instancia, emitió el 24 de julio de 2023, la *Resolución sobre Desestimación*, en la cual declaró No Ha Lugar la *Moción de Desestimación* presentada por el Municipio y ordenó la continuación de los procedimientos.

Inconforme con tal dictamen, el 31 de agosto de 2023, la parte peticionaria acudió ante este foro apelativo y esgrimió los siguientes señalamientos de error:

Primer Error:
Erró el TPI en su Resolución del 1ro de agosto de 2023 que declaró No Ha Lugar una Moción de Desestimación del Municipio, cuando la parte demandante-recurrida incumplió con el término de notificación previa al Alcalde conforme dispuesto en el Art. 15.003 de la Ley Núm. 81-1991, sin mediar justa causa.

Segundo Error:
Erró el TPI en su Resolución del 1ro de agosto de 2023 que declaró No Ha Lugar una Moción de Desestimación del Municipio, al admitir un "email" sin autenticación bajo la Regla 901 de Evidencia como alegada prueba de notificación extrajudicial bajo la Ley de Municipios Autónomos.

El 5 de septiembre de 2023, emitimos una *Resolución*, mediante la cual le ordenamos a la parte peticionaria que, en o antes del lunes 11 de septiembre de 2023, nos acreditara haber notificado copia del recurso al Tribunal de Primera Instancia de conformidad con la Regla 33 (A)[4], y a la parte recurrida, de conformidad con la Regla 33 (B)[5] del Reglamento de este Tribunal de Apelaciones. Le apercibimos que, el incumplimiento con lo ordenado daría lugar a la desestimación del recurso. Dentro del mismo término, le concedimos término a la parte recurrida para expresar su posición en torno al recurso de epígrafe, con el correspondiente apercibimiento de que, transcurrido el término dispuesto, el recurso se tendría por perfeccionado para su adjudicación final.

---

[4] 4 LPRA Ap. XXII-B, R.33(A).
[5] 4 LPRA Ap. XXII-B, R.33(B).

Por su parte, el 7 de septiembre de 2023, la parte recurrida nos solicitó una prórroga de cuarenta y cinco (45) días. Mediante *Resolución* del 11 de septiembre de 2023, le concedimos un término final e improrrogable hasta el 2 de octubre de 2023.

En cumplimiento con lo ordenado, el 11 de septiembre de 2023, la parte peticionaria nos acreditó la debida notificación del recurso. De otra parte, el 2 de octubre de 2023 la parte recurrida presento su *Oposición a la Expedición del Auto de Certiorari*.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El *certiorari*, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no

intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## B. *Requisito de Notificación al Municipio*

Como es sabido, al aprobarse la Ley de Reclamaciones y Demandas Contra el Estado, Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 LPRA sec. 3077 *et seq.* (Ley Núm. 104), el Estado consintió a ser demandado, en términos generales sujeto a las limitaciones y condiciones que dicho estatuto provee.  En ocasión de interpretar la constitucionalidad de la legislación antes aludida, nuestro Tribunal Supremo declaró la misma constitucionalmente válida.  *Defendini Collazo v. ELA*, 134 DPR 28 (1993).

Consecuentemente, en nuestra jurisdicción, los municipios gozan de igual protección bajo la Ley de Municipios Autónomos, *supra*.[6]  Dicha legislación cuenta con disposiciones idénticas a las de la Ley Núm. 104, *supra*.  Con relación al derecho de una persona, natural o jurídica, a instar una reclamación judicial en contra de una municipalidad del ELA, la Ley de Municipios Autónomos, *supra,* dispone una serie de requisitos que deben observarse previo a la presentación de la aludida reclamación judicial.  Particularmente, la Ley de Municipios Autónomos establece un requisito de notificación previa en su Artículo 15.003, *supra*, sec. 4703, que reza como sigue:

> Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la

---

[6] Recordamos que, el derecho aplicable en el caso de epígrafe se remite a la Ley de Municipios Autónomos, *supra*.

propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar al alcalde una notificación escrita, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.

(a) Forma de entrega y término para hacer la notificación.- Dicha notificación se entregará al alcalde, remitiéndola por correo certificado o por diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho.

**La referida notificación escrita deberá presentarse al alcalde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados.** Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.
*(Énfasis nuestro).*

.        .        .        .        .        .        .        .

(b) Requisito jurisdiccional. - No podrá iniciarse acción judicial de clase alguna contra un municipio por daños causados por la culpa o negligencia de aquél, a menos que se haga la notificación escrita, en la forma, manera y en los plazos dispuestos en este subtítulo.

.        .        .        .        .        .        .        .

El fin público específico del requisito de notificación es dar conocimiento a la entidad municipal de que existe un posible pleito en su contra y así proteger a los municipios de acciones ajenas a su conocimiento. *Toledo Delgado et al. v. Mun. Ponce et al.*, 195 DPR 449, 454 (2016); *Mangual v. Tribunal Superior,* 88 DPR 491, 494 (1963).

De este modo, el precitado requisito de notificación cumple el propósito de proveer a los municipios la oportunidad de investigar la reclamación, desalentar la presentación de reclamaciones frívolas, permitir las transacciones, permitir la inspección del lugar del accidente, realizar un descubrimiento sobre la identidad de los testigos y entrevistar los mismos mientras su memoria esté fresca,

entre otros. *Toledo Delgado et al. v. Mun. Ponce et al.*, supra, pág. 454; *Rivera Fernández v. Municipio Autónomo de Carolina,* 190 DPR 196, 204 (2014); *Colón v. Ramírez,* 913 F. Supp. 112 (1996); *Mangual v. Tribunal Superior*, supra, pág. 494.

El desarrollo jurisprudencial del requisito antes descrito ha sido riguroso. Empero, nuestra más Alta Curia ha admitido excepciones a su cumplimiento en múltiples instancias. Ello ha ocurrido, por ejemplo, en casos en los cuales se ha demostrado que la información que necesitaría el ELA surge de récords públicos, por lo cual no existe el riesgo de perder la prueba. *Meléndez Gutiérrez v. ELA,* 113 DPR 811, 815 (1983). También se ha admitido una excepción al requisito de notificación cuando se insta una reclamación judicial en contra de la persona que estaba supuesta a recibir la notificación previa, porque se supone que conoce ya de los hechos. *Méndez v. Alcalde de Aguadilla,* 151 DPR 853, 863 (2000); *Acevedo v. Mun. De Aguadilla,* 153 DPR 788, 801 (2001).

Asimismo, en *Rivera Fernández v. Municipio Autónomo de Carolina*, supra, nuestro Tribunal Supremo tuvo la oportunidad de resolver qué constituye una notificación suficiente en Derecho, al palio del Artículo 15.003, *supra.* En dicho ejercicio, nuestro más Alto Foro dispuso que, a pesar de que el cumplimiento con los requisitos de dicho precepto legal es una condición previa indispensable para poder iniciar una acción judicial en contra de un municipio, en las circunstancias específicas de dicho caso, no era necesario entregarle la notificación personalmente al Alcalde. Nuestra más Alta Curia señaló que el objetivo del requisito de notificación previa de la Ley de Municipios Autónomos, *supra,* no conlleva un asunto personalizado en la figura del Alcalde involucrado de manera que se requiera una notificación directa al primer ejecutivo municipal. En dicho caso, nuestro Foro Supremo tomó en consideración el hecho de que la perjudicada cumplimentó

un formulario de informe de incidente provisto por el propio municipio. Dicho informe no incluía un apartado para indicar la cuantía de la compensación monetaria exigida por el Artículo 15.003, *supra*, por lo cual, la perjudicada no pudo cumplir con dicho requisito. Por lo tanto, se resolvió que el informe de incidente provisto por el municipio constituyó una notificación suficiente, al palio del Artículo 15.003 de la Ley de Municipios Autónomos, *supra*.

Basado en lo anterior, nuestro más Alto Foro clara y categóricamente trazó el camino a seguir en los casos en los cuales se presente una controversia a la luz del requisito de la notificación instituido en el Artículo 15.003 de la Ley de Municipios Autónomos, *supra*, al realizar la siguiente expresión:

> No podemos arraigarnos al tecnicismo de que la persona que tiene que ser notificada es el alcalde, ya que lo verdaderamente importante es que el municipio quede debidamente notificado de la posible causa de acción, independientemente si el alcalde fue el que personalmente recibió tal notificación.
>
> [...] una vez el funcionario de la Alcaldía recibe el Informe de Incidente se entiende que el municipio, y por ende, el Alcalde, ha sido debidamente notificado del incidente ocurrido y de la posible reclamación en su contra.
>
> *Rivera Fernández v. Municipio Autónomo de Carolina,* supra, pág. 210.

Dispuso nuestro más Alto Foro que en los casos en los cuales el propio municipio "[...] provea y ponga en posición al reclamante de notificar los daños presuntamente sufridos", constituirá una notificación suficiente en derecho, siempre y cuando cumpla con los requisitos del Artículo 15.003, *supra*. *Rivera Fernández v. Municipio Autónomo de Carolina,* supra*, pág. 211-212.

Posteriormente, en el caso de *Rivera Serrano v. Municipio Autónomo de Guaynabo,* 191 DPR 679, 688 (2014), el Tribunal Supremo se expresó como sigue:

> Como norma general, la consecución de tales objetivos supone la aplicación rigurosa del requisito de notificación establecido en la Ley de Municipios

Autónomos. Ahora bien, en el pasado hemos reconocido varias instancias en las que tal exigencia carece de eficacia jurídica o supondría una grave injusticia para quien cuenta con una legítima causa de acción. Como ejemplo, en *Insurance Co. of P.R. v. Ruiz,* 96 DPR 175 (1968), reconocimos que el requisito de notificación no es necesario si el municipio comienza la acción judicial dentro de los noventa días establecidos en el Art. 15.003, *supra.* De igual forma, hemos resuelto que no es necesario cuando el reclamante presenta la demanda y emplaza al municipio dentro del referido término. Véase, *e.g., Passalacqua v. Mun. De San Juan,* supra.

De otra parte, así como el Máximo Foro ha reconocido ciertas excepciones al requisito de notificación también ha reiterado que, "[l]a *norma general* es que el requisito de notificación debe ser aplicado, de manera rigurosa, en acciones contra el Estado o los municipios por daños ocasionados por su culpa o negligencia.". *Berríos Román v. ELA,* 171 DPR 579, 559 (2007), citando a *Acevedo v. Mun. de Aguadilla,* supra, pág. 798. Puesto que, "es una parte esencial de la causa de acción y, a menos que se cumpla con la misma, no existe derecho a demandar.". *Mangual v. Tribunal Superior,* supra, pág. 495; *López v. Autoridad de Carreteras,* 133 DPR 243, 250 (1993).

En virtud de lo anterior, reiteró que "los foros judiciales solo podrán aplazar o eximir el fiel cumplimiento del mismo cuando la parte demuestre que en efecto: 1) existe justa causa para la dilación o el incumplimiento; 2) ofrece bases fácticas razonables que justifican la tardanza o el incumplimiento." *Toro Rivera et als. v. ELA et al.,* 194 DPR 393, 414-415 (2015). De modo que, –salvo disposición en contrario– se podrá eximir a un reclamante de cumplir con el requisito de notificación dentro del término establecido cuando medie justa causa. *Berríos Román v. ELA,* supra, pág. 563. En cuanto a ello, la Alta Curia ha sido enfática en que "[d]eberá demostrarse la existencia de una causa justa con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o la demora

ocurrió por alguna circunstancia especial razonable. No podrá acreditarse la existencia de justa causa con excusas, vaguedades o planteamientos estereotipados".[7] *Toro Rivera et als. v. ELA et al.*, supra, pág. 415.

Atinente al caso de epígrafe, en *Berríos Román v. ELA*, supra, pág. 565, el Tribunal Supremo concluyó que la situación de hechos en dicho caso no presentaba circunstancias excepcionales que justificaran eximir al reclamante de cumplir con el requisito de notificación al Estado. Bajo los hechos del precitado caso, en apretada síntesis, expresó que la alegación de una incapacidad física no constituye de por sí y automáticamente justa causa para eximir al reclamante de notificar al Estado dentro del término establecido. Si bien la justa causa puede exonerar al reclamante de los automatismos asociados a los plazos jurisdiccionales, no tiene el efecto de "una liberación absoluta de los términos expresos del estatuto. S[o]lo tiene el efecto momentáneo de eximir de su cumplimiento mientras ella subsista". *Rodríguez Sosa v. Cervecería India*, 106 DPR 471, 483 (1977). Véase, además, *Berríos Román v. ELA*, supra, pág. 562; *Toro Rivera et als. v. ELA et al.*, supra, pág. 426.

## C. *Autenticación de correo electrónico*

Por su parte, la Regla 901 de nuestras Reglas de Evidencia, 32 LPRA Ap. VI, R. 901, establece que el requisito de autenticación o identificación de la evidencia como una condición previa a la admisibilidad se satisface con la presentación de evidencia suficiente para sostener una determinación de que la materia en cuestión es lo que la persona proponente sostiene.

Atinente al caso de epígrafe, la Regla 901 (B) de derecho probatorio, establece como ejemplo de autenticación el siguiente:

---

[7] Bastardillas en el original y citas suprimidas.

(14) *Correo electrónico*
Un correo electrónico podrá autenticarse mediante evidencia de la integridad del sistema en el cual o por el cual fue creado, enviado o recibido.[8]

Expuesta la norma jurídica, procedemos a aplicarla a los hechos ante nuestra consideración.

**III**

En el caso ante nos, la parte peticionaria nos solicita que revisemos el dictamen emitido por el foro *a quo*, en el cual declaró No Ha Lugar la *Moción de Desestimación* presentada por el Municipio.

Específicamente, en sus señalamientos de error, sostiene que incidió el foro apelado en su *Resolución* al declarar No Ha Lugar la misma: (1) cuando la parte recurrida no cumplió con el requisito de notificación, conforme dispuesto en el Art. 15.003 de la Ley de Municipios Autónomos, *supra*, y (2) al admitir un correo electrónico sin autenticación bajo la Regla 901 de Evidencia, *supra*, como alegada prueba de notificación extrajudicial.

De entrada, advertimos que le asiste la razón al Municipio. Veamos.

Con relación al primer señalamiento de error, surge del expediente que, la parte recurrida cursó al Municipio, mediante correo electrónico, una notificación extrajudicial sobre la reclamación en su contra el 27 de septiembre de 2019. Esto es, poco más de seis (6) meses de haber ocurrido la alegada caída. Plantea la parte recurrida como fundamento, que por razón de esta estar incapacitada, el Art. 15.003, *supra*, le facultaba cumplir con el requisito de notificación dentro de los treinta (30) días siguientes a la fecha en que cesó su incapacidad. Asimismo, alega que, no fue sino hasta el 5 de septiembre de 2019, que cesó su incapacidad, por

---

[8] 32 LPRA Ap. VI, R.901 (b).

lo que, entiende que cumplió con el término establecido para notificar al Municipio.

Según el derecho previamente reseñado, para que una persona, natural o jurídica, pueda instar una reclamación judicial en contra de una municipalidad del Gobierno de Puerto Rico, la Ley de Municipios Autónomos, *supra,* dispone una serie de requisitos que deben observarse previo a la presentación de la aludida reclamación judicial. Particularmente, el Art. 15.003, *supra,* establece un requisito de notificación previa. En lo pertinente, dispone que toda persona que tenga una reclamación contra un municipio, causado por la culpa o negligencia de este, deberá notificar a su alcalde dentro del término de noventa (90) días, contados a partir desde la fecha en que la persona tuvo conocimiento de los daños reclamados.[9] Asimismo, establece que, en los casos en que la persona reclamante esté mental o físicamente imposibilitada para cumplir con el requisito de notificación, podrá cursar dicha notificación dentro de los treinta (30) días siguientes a la fecha en que cesó la incapacidad.[10] Empero, lo antes reseñado no opera automáticamente, para ello, la parte reclamante deberá demostrar justa causa para la tardanza, con explicaciones concretas y debidamente evidenciadas.[11]

En el caso de marras, si bien la parte recurrida presentó documentos para sustentar su alegada incapacidad, colegimos que, no nos puso en posición de considerar que la alegada incapacidad fuera de tal magnitud que le impidiera cumplir con el requisito de notificación al Municipio. Máxime, cuando dicha gestión pudo haberse realizado a través de su representación legal, que, incluso fue quien suscribió la notificación cursada a la parte peticionaria el

---

[9] Artículo 15.003 de la Ley de Municipios Autónomos, *supra.*
[10] *Íd.*
[11] *Toro Rivera et als. v. ELA et al.,* supra, pág. 415.

27 de septiembre de 2019.[12]  En virtud de lo anterior, entendemos que la parte recurrida no se encontraba dentro de alguna de las circunstancias excepcionales que justificaran el incumplimiento con el requisito de notificación, ni mostró justa causa, debidamente evidenciada, para que se le eximiera de cumplir con el término de noventa (90) días. Por lo que, concluimos que la parte recurrida no cumplió con el requisito de notificación, de acuerdo a lo dispuesto en el Art. 15.003, *supra.*

En cuanto al segundo señalamiento de error, la parte peticionaria arguye que, el correo electrónico enviado al Municipio no debió admitirse como alegada prueba de notificación extrajudicial.

Conforme al expediente, no hay constancia de que, en efecto, el correo electrónico se haya recibido por la parte peticionaria.  Por otro lado, aun si lo diéramos por bueno, este no tuvo efecto interruptor. Pues, según se desprende del expediente, la parte recurrida no cursó la debida notificación al Municipio dentro del término de noventa (90) días, según dispuesto.

En resumen, tras evaluar detenidamente el recurso presentado por la parte peticionaria, y luego de una revisión ponderada, colegimos que, incidió el foro apelado al declarar No Ha Lugar la *Moción de Desestimación*, puesto que la parte recurrida incumplió con el requisito de notificación al Municipio dentro del término establecido en el Art. 15.003 de la Ley de Municipios Autónomos, *supra.*

**IV**

Por los fundamentos que anteceden, se expide el recurso de *Certiorari*, se revoca la *Resolución sobre Desestimación* instada por

---

[12] Es menester señalar que, en esta comunicación remitida vía correo electrónico el 27 de septiembre de 2019, la parte recurrida eludió exponer las razones o justa causa por las cuales no notificó dentro del término provisto.  Así como, en la cubierta expuso que hubo una misiva "previamente tramitada vía correo postal", pero tampoco presentó el mismo.

el foro de primera instancia y se desestima la Demanda por falta de notificación al Municipio.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones